UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                                   :
A Limited Liability Corporation              :
of the Commonwealth of Virginia              :
3945 Fifty Second Street, N. W.              :
Washington, D. C. 20016                      :
                                             :
            Plaintiff                        :
                                             :
      v.                                     :   Civil Action No.
                                             :
WILLIAM FREDERICK BRANDES                    :
An Individual                                :
4201 Cathedral Avenue, N. W.                 :
Apartment 416                                :
Washington, D. C. 20016                      :
      and                                    :
8075 Lee Haven Road                          :
Easton, Maryland  21601                      :
                                             :
            Defendant                        :

## COMPLAINT

Comes now the plaintiff, Irons LLC, by and through its counsel, Edward S. Irons, and for its complaint against defendant, William Frederick Brandes, states and avers.

### I. VENUE AND JURISDICTION

1. The acts which resulted in the filing of this Complaint occurred in the District of Columbia.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2).

3. This Court has jurisdiction of this case under 28 U.S.C. §1332.

4.  Plaintiff, Irons LLC, is a Limited Liability Corporation organized under the laws of the Commonwealth of Virginia having a registered agent at 707 Prince Street, Alexandria, Virginia 22314.

5.  Defendant, William Frederick Brandes ("William"), is an individual who resides at 8075 Lee Haven Road, Easton, Maryland 21601 and at 4201 Cathedral Avenue, N.W., Apartment 416, Washington, D.C. 20016.

6.  There is complete diversity of citizenship as between the plaintiff and the defendant.

7.  The amount in controversy is in excess of $75,000, excluding interest and costs.

8.  Exhibit 1 to this Complaint is a copy of the "Articles of Incorporation of Irons LLC" filed December 3, 2002.

9.  Exhibit 2 is a copy of the executed "Irons LLC Operating Agreement" "made this 16th day of December, 2002".

10. Exhibit 3 is a copy of the executed "Power of Attorney" pursuant to which Irons LLC appears as the true and lawful attorney in the name, place and stead of Edward S. Irons and Mary L. Irons ("The Irons").

## III. THE PARTIES

11. William is the husband of Carin Irons Brandes ("Carin").

12. Carin is the daughter of Edward S. Irons ("Edward"), the Managing Member of plaintiff Irons LLC, and Mary L. Irons ("Mary").

13. Lauren Elizabeth Brandes ("Lauren") is the daughter of William and Carin.

14. At all relevant times Carin owned, by inheritance from her Irons' grandparents, some 80 acres of land in Vermillion County, Illinois.

15. The Articles of Incorporation of plaintiff Irons LLC (Exhibit 1) were filed December 3, 2002.

16. Under the Irons LLC Operating Agreement (Exhibit 2), effective December 16, 2002, Edward is designated as, and at all relevant times has been and is now, the Managing Member of Irons LLC.

17. Subsequent to December 16, 2002 and prior to December 31, 2002, Edward met with Carin, Mary (his wife), and defendant William ("the December 2002 meeting").

IV. <u>ALLOCATION OF AN INTEREST IN IRONS LLC TO DEFENDANT</u>

18. Because defendant William agreed to and did become a member of plaintiff Irons LLC at the December 2002 meeting alleged in paragraph 17 hereof, he was then and there allocated a 21.6056% participation in the assets of Irons, LLC.

A. <u>Talbot County, Maryland Real Estate Parcels</u>

19. Prior to 1996, defendant William and his wife, Carin, desired to obtain a first parcel of Talbot County, Maryland real estate; specifically the property located at 8075 Lee Haven Road, Easton, Maryland for a purchase price of $632,500, but lacked sufficient funds to do so.

20. Funding for the acquisition of said first parcel of Talbot County, Maryland real estate was arranged as follows:

(i) Pursuant to agreement with The Brandes, The Irons provided funds in excess of $400,000 or about 80% of the total initial purchase price of $632,500.

(ii) In cooperation and agreement with The Irons, Carin sold the property she then owned in Vermillion County, Illinois to provide in that way and otherwise about $200,000 for application to the purchase price.

21. In 1996 or 1997, the said first parcel was purchased by The Brandes who funded that purchase in the manner described in paragraph 20 hereof.

22. The original purposes and expectations of The Irons in providing funds to The Brandes as alleged in paragraph 20 hereof included, among other things, (i) maintenance of the assets of The Irons and the assets of The Brandes (including the assets previously acquired by The Brandes from, by or through The Irons) at all times under the control of The Irons, (ii) provision of an initial investment in real estate located on the Eastern Shore of Maryland, said initial investment to be used as a part of a then-contemplated plan to engage in an Eastern Shore of Maryland real estate venture, and (iii) provision of an Eastern Shore home not only for The Brandes but also to be shared with The Irons from time to time.

23. In accord with the original purposes and expectations of the parties, The Brandes purchased and acquired legal title to the said first parcel of Talbot County, Maryland real estate sometime in 1996 or 1997, and funded said purchase with the funds provided to them by The Irons and Carin as alleged in paragraph 20 hereof; provided, however, that said Brandes' legal title at all times has been and is now subject to an outstanding equity interest of The Irons in the said first real estate parcel

LLCv.brandes - new complaint

-5-

in Talbot County, Maryland property, said Irons' equity interest having an initial value in excess of $400,000 and Carin's equity interest having an initial value in excess of $200,000.

24. The Irons LLC asset allocation to William set forth in paragraph 18 hereof was then made by Edward as Managing Member of plaintiff Irons LLC

   (i)     as consideration for the agreement by defendant William at the December 2002 meeting to become a member of plaintiff Irons LLC and thereby assume the obligations consequent from doing so as now set forth in the Articles of Incorporation (Exhibit 1 hereof) of Irons LLC;

   (ii)    should need therefor arise, to provide economic security for and to impart and thereby maintain, as might be necessary, stability to the marriage of Carin and William and, thereby to provide a stable family and home life for Lauren;

   (iii)   to preserve and maintain within the Irons/Brandes families unimpaired control of all of the Irons LLC assets and, as such, subject to the control of Edward as Managing Member of Irons LLC; and

   (iv)   based on advice of counsel, to accommodate the tax laws, including estate tax laws, germane to

substantial assets originally provided by Edward to fund Irons LLC.

### COUNT I - FRAUDULENT CONCEALMENT OR NONDISCLOSURE

25. In support of this Count I, plaintiff specifically alleges as follows:

(i) Beginning long before and continuing until and after the time of the December 2002 meeting alleged in paragraph 17 hereof, defendant William knew that his marriage to Carin was unstable.

(ii) The instability of the Irons-Brandes marriage was a known, material, existing fact that in equity or good conscience should have been disclosed to plaintiff Irons LLC at or before the December 2002 meeting.

(iii) Defendant William concealed said material fact from The Irons and Irons LLC at the December 2002 meeting.

(iv) Defendant William intended that Irons LLC act in ignorance of the said concealed material fact.

(v) So misled, Irons LLC did, in fact, make the allocation to William of an interest in plaintiff as alleged in paragraph 18 hereof.

 (vi)  Defendant William's concealment of the said material fact has damaged and is now damaging plaintiff Irons LLC.

 26. Because defendant William knew at the time he participated in the December 2002 meeting alleged in paragraph 17 hereof that his marriage to Carin was unstable and that such information would have been material to Managing Member Edward's decision to allocate the interest in Irons LLC to William as alleged in paragraph 18 hereof, defendant William was then under a duty in equity and good conscience to disclose that information to Irons LLC's Managing Member Edward at that meeting.

 27. Defendant William's failure to make such disclosure was fraudulent in that but for such failure to disclose, no allocation of any Irons LLC interest would have been made to defendant William.

 28. Contrary to the original purposes and expectations of the parties including Edward, in exploitation of his fraudulent procurement of an interest in plaintiff Irons LLC, during the last quarter of 2005 defendant William repeatedly rejected the written requests of Edward, as Managing Member of Irons LLC, and Carin, as a member of Irons LLC, forthwith to assign and transfer either to said Carin, or to Lauren, or both, the unencumbered

entirety of his 21.6056% interest in Irons LLC which was wrongfully allocated to him as alleged in paragraph 18 hereof.

### COUNT 2 - BREACH OF OPERATING AGREEMENT

29. Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

30. The Articles of Incorporation of Irons LLC (Exhibit 1) states, in part:

> SEVENTH: The following provisions are hereby adopted for the purposes of defining, limiting, and regulating the powers of the Company and any of the members thereof:
>
> (a) The management of the Company is reserved to the members of the Company, and the authority of members to act for the Company solely by virtue of their being members, is limited. Members' authority is set forth in the Operating Agreement. [p. 2]

31. The Operating Agreement (Exhibit 2 hereof) states, in part:

> SECTION 15
> VOLUNTARY TRANSFER OF COMPANY INTEREST;
> OPTION ON DEATH OF A MEMBER
>
> A. Except as provided in paragraph 15.D, no member (hereinafter referred to as the "Selling Member") shall sell, hypothecate, pledge, assign, or otherwise transfer with or without consideration (hereinafter collectively referred to as "Transfer") any part or all of their interest or rights in the Company (hereafter "Company Interest") without first notifying the Company and each of the remaining members of the Company in writing, sent certified mail, postage prepaid, return receipt requested, and

complying with the other provisions of this Operating Agreement.

 B. Each member hereby covenants and agrees that he or she will not sell, assign, transfer, mortgage, pledge, encumber, hypothecate or otherwise dispose of all or any part of his or her Company Interest to any person, firm, corporation, trust or other entity without offering a right of first refusal to the Company. The Company shall have the right to accept the written third party offer at any time during the thirty (30) days following the date of which the written third party offer is delivered to the Company. The consent of the managing member shall be required to authorize the exercise of such right of first refusal by the Company. If the Company shall fail to accept the offer within the thirty (30) day period or waives its right of first refusal in a writing signed by the managing member prior to the expiration of the thirty (30) day period, such Company Interest may during the immediately following sixty (60) days be disposed of free of the restrictions imposed by this Operating Agreement; provided, however, that the purchase price for such Company Interest shall not be less and the terms of purchase for such interest shall not be more favorable than the purchase price and terms of purchase contained in the third party offer. Any Company Interest not so disposed of within the sixty (60) day period shall thereafter remain subject to the terms of this Operating Agreement. Notwithstanding the preceding sentences, no assignee of a Company Interest shall become a member of the Company except upon the consent of the managing member.
[p. 12]

32. Defendant William has, in fact, willfully violated Sections 15A and 15B of the Operating Agreement by, among other things, "transfer[ring]" all or a "part" of his 21.6056% interest in plaintiff Irons LLC, by using such "part" to finance litigation, including proceedings to divorce Carin, by payment of attorney's fees and in other ways, by agreeing or committing to agree to transfer such "part" to Carin, and by using the funds so

wrongfully transferred to fund litigation, including this case and also including other litigation, in which the said defendant William is involved or may become involved to procure a divorce from Carin or otherwise, and funding the divorce settlement.

### COUNT 3 - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

33. Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

34. Under District of Columbia law, all contracts contain an implied duty of good faith and fair dealing which means that neither party will do anything that will have the effect of destroying or injuring the right of the other party.

35. A part of the agreement pursuant to which The Irons funded or arranged for the funding of the acquisition of the first parcel of Talbot County, Maryland real estate as alleged in paragraph 20 hereof was an understanding by defendant William to work in collaboration with The Irons to procure additional parcels of property on the Maryland Eastern Shore, including a contiguous second parcel of Talbot County, Maryland real estate.

36. Pursuant to that understanding, defendant William successfully negotiated for and on behalf of the Irons and Irons LLC to acquire such a contiguous, second parcel of land in Talbot County, Maryland.

LLCv.brandes - new complaint

37. Said contiguous, second parcel was purchased by and is now owned by plaintiff Irons LLC.

38. The conduct of defendant William as alleged in Count 3 hereof has had and is now having the effect of destroying or injuring the rights of plaintiff Irons LLC and of The Irons to the agreements, purposes and expectations of The Irons as alleged by paragraph 22 hereof and otherwise.

### PRAYER

Plaintiff Irons LLC requests entry of judgment including:

1. An order that requires immediate transfer by defendant to plaintiff Irons LLC, or to Carin, or to Lauren Brandes of the unencumbered entirety of the interest in Irons LLC initially allocated to defendant.

2. An order preliminarily and permanently enjoining defendant from transferring or encumbering in any way any part whatever of (i) the Irons LLC interest allocated to defendant or (ii) any other asset acquired in whole or in part by defendant from Edward Irons or Mary Irons.

3. An order forthwith enjoining defendant or any representative of defendant from any access whatever at any time or for any time whatever to the property located at 8075 Lee Haven Road, Easton, Maryland in which the plaintiff Irons LLC by

LLCv.brandes - new complaint

and through The Irons, who are LLC members, has an equity interest valued in excess of $400,000.

4. An order that defendant shall forthwith deliver to Edward, as Managing Member of plaintiff, all keys to the said Lee Haven Road property which are in his possession or control.

5. An order preliminarily and permanently enjoining defendant from ever asserting any claim of any kind whatever to the aforesaid Easton, Maryland property.

6. Compensatory damages in conformance with proof but in no event less than $250,000.

7. Punitive and exemplary damages in the maximum amount available.

8. Costs and attorney's fees.

9. Such other relief as the Court deems just and proper.

> Edward S. Irons
> D.C. Bar No. 149898
> Edward S. Irons, P.C.
> 3945 - 52nd Street, N. W.
> Washington, D. C. 20016
> (202)   362-5332 - voice
> (202)   966-1338 - fax
> Tingent@aol.com - email
> Attorney for Plaintiff

LLCv.brandes - new complaint