UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                          :
                                    :
              Plaintiff             :
                                    :
         v.                         :  Civil Action No.
                                    :  1:06CV00904JR
WILLIAM FREDERICK BRANDES           :
                                    :
              Defendant             :

PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 4(d)

Plaintiff moves for an order under Fed.R.Civ.P. 4(d)(2) and

(5) for costs and attorney's fees including the costs and

attorney's fees for this Motion.


LEGAL STANDARD

Fed.R.Civ.P. 4(d)(2) and (5) state:

(2)  An individual, corporation, or association that is
subject to service under subdivision (e), (f), or (h) and
that receives notice of an action in the manner provided in
this paragraph has a duty to avoid unnecessary costs of
serving the summons.  To avoid costs, the plaintiff may
notify such a defendant of the commencement of the action
and request that the defendant waive service of a summons.
The notice and request:

(A)  shall be in writing and shall be addressed
     directly to the defendant, if an individual,...;

(B)  shall be dispatched through first-class mail or
     other reliable means;

(C)  shall be accompanied by a copy of the complaint
     and shall identify the court in which it has been
     filed;

(D)    shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;

(E)    shall set forth the date on which the request is sent;

(F)    shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G)    shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.,

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

***

(5)    The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

## VERIFIED FACT STATEMENT

Plaintiff's counsel, Edward S. Irons, states, under penalty of perjury, that the facts hereinafter set forth are true to the best of his knowledge, information or belief:

LLCv.brandes - FRCP 4 motion

1.   The complaint was filed and the summons was issued on May 12, 2006.  The 120-day time limit for service imposed by Fed.R.Civ.P. 4(m) expired on September 9, 2006.

2.   On May 15, 2006, plaintiff retained Charles G. Bennett of Boomer's Process Service, Post Office Box 1368, Easton, Maryland 21601 to serve the Summons and Complaint on defendant Brandes.  Exhibit A is a copy of a letter from Mr. Bennett which reports his unsuccessful attempts to serve defendant Brandes.

3.   A letter dated June 6, 2006 from plaintiff's counsel, Edward S. Irons, to Robert E. Grant states in its entirety:

> In Civil Action 1:06-cv-297RMC, you represented William Brandes.  I have filed a new complaint and procured the necessary summons.  Attempts to serve this complaint on Mr. Brandes at his address in Easton, Maryland have not succeeded.
>
> Please advise whether you will accept service of this complaint.  If you decline to accept service, will you please advise (preferably by return fax) of a time and place where Mr. Brandes can be served.

4.   The June 8, 2006 reply by Mr. Grant states:

> I received your letter of June 6, 2006 regarding the new lawsuit you have filed.  I am authorized to accept service on Mr. Brandes' behalf only upon the condition that you agree that he may have until July 31, 2006 to respond to the complaint.  The reason for my request for this response date is that I will be out of the country from July 2 through July 15.
>
> If this is acceptable to  you, please send the summons and complaint to my attention at the address above, and I will prepare a joint line to the court indicating the agreed-upon extension.

LLCv.brandes - FRCP 4 motion

5.    The June 13, 2006 reply from Mr. Irons to Mr. Grant states:

> I now respond to your June 8, 2006 letter which I received on June 9, 2006.
>
> The second sentence of your letter states:
>
> > I am authorized to accept
> > serve on Mr. Brandes' behalf
> > only upon the condition that
> > you agree that he may have
> > until July 31, 2006 to
> > respond to the complaint....
>
> I accept this "condition" which you have explained. Because the "condition" is acceptable to me, I shall send the summons and complaint to your attention at Furey, Doolan & Abell on or about Friday, June 23, 2006.

6.    By further letter dated June 21, 2006, Mr. Irons advised Mr. Grant:

> Contrary to my letter of June 13, 2006, the summons and complaint will not be sent until on or about Monday, July 3, 2006.

7.    By letter dated June 28, 2006 Mr. Grant replied:

> I received your letter dated June 21, 2006, in which you stated that you would not send me the complaint until "on or about" July 3. As I had already advised you that I will be out of the country from July 2 through July 15, I must now advise you that I am no longer authorized to receive service of process on Mr. Brandes' behalf.[1] [Emphasis added.]

---

[1]    This conduct by Mr. Grant constitutes "good cause" for the delay in the service of the Summons and Complaint. See Geller v. Newell, 602 F.Supp. 501, 503 (S.D.N.Y. 1984).

LLCv.brandes – FRCP 4 motion

8.  On July 24, 2006, plaintiff retained Capitol

Process/Investigator Services, 1827 18th Street, N. W.,

Washington, D. C. 20009 to serve the Summons and Complaint on

defendant Brandes.

9.  The "Affidavit of Scott Kucik" (Exhibit B) verified on

September 8, 2006 states:

    I, Scott Kucik, do hereby depose and say:

    That I am the Custodian of Records of Capitol
    Process/Investigator Services, 1827 18th Street, N.W.,
    Washington, D. C. 20009.

    That the following details the efforts made to locate
    and serve William Frederick Brandes:

    We were provided an address for Mr. Brandes at 4201
    Cathedral Avenue, Apartment 416, Washington, D. C. 20016.
    My agent, Daniel Portnoy, made attempts to serve Mr. Brandes
    at this address but he did not receive an answer in units
    416 West and 416 East.  Additionally, Mr. Portnoy was
    informed by the General Manager of the building that 401
    West was leased by an individual named Turner and 401 East
    was leased by an individual named Miller.  We were provided
    information that a Sheila Lanahan may own or rent one of the
    above units.  The General Manager indicated to Mr. Portnoy
    that he did not recognize the name Sheila Lanahan as an
    occupant of the building.

    Location research found a reporting address for Mr.
    Brandes at 4704 Butterworth Place, N.W., Washington, D.C.
    20016.  The phone registered to the address reports to
    William F. Brandes, 202 966 6393.  My agent, David Felter,
    spoke with a woman at the address who stated that she was
    Mr. Brandes' daughter and that he does not live at the
    address.  She indicated that Mr. Brandes resides at the
    Cathedral Avenue address during the week and that he spends
    his weekends in Easton Maryland.

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

/s/ Scott Kucik

Subscribed and Sworn to before me this 8th day of September, 2006.

/s/ Nicole G. Davis
Notary Public

10.  Exhibit C is a copy of a statement from Capitol Process/Investigator Services, Inc. paid by plaintiff setting forth a charge of $415 for the attempts made to serve defendant Brandes.

11.  On September 11, 2006, plaintiff transmitted the attached "Plaintiff's Notice of Commencement of Action and Request to Waive Service of Summons (Rule 4(d) - Fed.R.Civ.P.)" (Exhibit D) to defendant Brandes.  This Notice and Request complied in all respects with Fed.R.Civ.P. 4(d)(2).

12.  By letter dated September 12, 2006 (Exhibit E), plaintiff advised defendant Brandes that a copy of the Complaint in the subject application had been sent on September 11, 2006. That letter states:

On September 11, 2006, a copy of the Complaint which is pending in the United States District Court for the District of Columbia as Civil Action 1:06CV00904 was mailed to you. This Complaint has not yet been served as of the September 12, 2006 date of this letter.

Also sent on September 11, 2006 was a formal
notification under Federal Rule of Civil Procedure 4(d).

If you will sign this letter in the place indicated
below and send it to me for receipt on or before Monday,
September 25, 2006, the Complaint will not be served.
Otherwise the Complaint will be pressed.

13.   The only response which has been made to the aforesaid
"Notice" and September 12, 2006 Exhibit E letter is a letter from
defendant's purported counsel, Mr. Grant, dated September 25,
2006 which states:

I am in receipt of a copy of your letter dated
September 12, 2006 which you sent directly to Mr. Brandes.
You have known for at least six months now that I represent
Mr. Brandes in this matter.[2]  You do not have my permission
to communicate directly with Mr. Brandes; please comply with
Rule 4.2(a) of the Rules of Professional Conduct, applicable
to these proceedings by operation of L.Cv.R. 83.15(a).
[Emphasis added.]

### SPECIFIC RELIEF REQUESTED

The specific relief requested by this Motion is an order
that:

1.   Defendant was, in fact, served with the Summons and
Complaint in this action upon receipt of plaintiff's Notice and
Request of September 11, 2006 which included a copy of the
Summons and Complaint and which was also received by Mr. Grant,

---

[2]   This statement is anomalous.  Mr. Grant has never filed
any appearance in this action.

LLCv.brandes - FRCP 4 motion

who "represent[s] Mr. Brandes in this matter" prior to September 25, 2006.  See paragraph 13, supra.

    2.  Is an entry of judgment by default against defendant Brandes.

    3.  Awards costs and attorney's fees as required by Fed.R.Civ.P. 4(d)(2) and (5).


                  /s/_____
                  Edward S. Irons
                  D.C. Bar No. 149898
                  Edward S. Irons, P.C.
                  3945 - 52nd Street, N. W.
                  Washington, D. C. 20016
                  (202) 362-5332 - voice
                  (202) 966-1338 - fax
                  Tingent@aol.com - email
                  Attorney for Plaintiff


<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this 5th day of October 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Dolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

                  /s/_____
                  Edward S. Irons

LLCv.brandes - FRCP 4 motion



# Boomer's Process Service

**P.O. BOX 1368**
**EASTON, MARYLAND 21601**
Maryland Collection License #3157

**Office:** (410) 476-5765                              **Fax:** (410) 476-5700

**E-Mail**                                                          **Web Site**
**boomer@boomersprocessservice.com**        **www.boomersprocessservice.com**

June 6, 2006

Law Offices
Edward S. Irons
3945 52nd Street, N.W.
Washington, D.C. 20016
        ATTN: Vickie Cummings

### RE: Irons LLC V. Brandes

Dear Ms. Cummings:

    Don't be so impatient. You are not the only person I serve papers for. I am not your personal server and yes I have not been able to serve Mr. Brands, inasmuch as he is not at the house. I can only make attempts. If he is not there, I can't serve him. I have to wait till he is at the house. The following attempts have been made:

1) 05/24/06 6:34 PM
2) 05/25/06 9:00 AM
3) 05/30/06 9:30 PM
4) 06/03/06 4:00 PM
5) 06/03/06 7:48 PM

    As for your 24-hour surveillance. I do not do surveillances on house. I am not a private investigator. If you want someone to sit on the house, then hire a PI. I serve to many papers to sit on a house. I will make further attempts.

    If you have any questions feel free to contact me.

Sincerely,

Charles G. Bennett

**U.S. DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**IRONS, LLC**

**V.**                                        **CASE NO. 1:06CV904**

**WILLIAM FREDERICK BRANDES**

**AFFIDAVIT OF SCOTT KUCIK**

I, Scott Kucik, do hereby depose and say:

That I am the Custodian of Records of Capitol Process/Investigator Services, 1827 18th Street, N.W., Washington, D.C. 20009.

That the following details the efforts made to locate and serve William Frederick Brandes.

We were provided an address for Mr. Brandes at 4201 Cathedral Avenue, Apartment 416, Washington, D.C. 20016. My agent, Daniel Portnoy, made attempts to serve Mr. Brandes at this address but he did not receive an answer in units 416 West and 416 East. Additionally, Mr. Portnoy was informed by the General Manager of the building that 401 West was leased by an individual named Turner and 401 East was leased by an individual named Miller. We were provided information that a Sheila Lanahan may own or rent one of the above units. The General Manager indicated to Mr. Portnoy that he did not recognize the name of Sheila Lanahan as an occupant in the building.

Location research found a reporting address for Mr. Brandes at 4704 Butterworth Place, N.W., Washington, D.C. 20016. The phone registered to the address reports to William F. Brandes, 202 966 6393. My agent, David Felter, spoke with a woman at the address who stated that she was Mr. Brandes' daughter and that he does not live at the address. She indicated that Mr. Brandes resides at the Cathedral Avenue address during the week and that he spends his weekends in Easton Maryland.

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

Scott Kucik

Subscribed and Sworn to before me this 8th day of September, 2006.

My commission expires:    Nicole G. Davis
Notary Public, District of Columbia
My Commission Expires 01-14-2009

**EXHIBIT B TO**
**PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 4(d)**
**Irons LLC v. William F. Brandes,**
**Civil Action No. 1:06CV00904JR**

CAPITOL PROCESS SERVICES, INC.
1827 18th Street, N.W.
Washington, D.C. 20009-5526
(202) 667-0050
Tax I.D. 52-2283731


09-08-2006


EDWARD S. IRONS, ESQUIRE
LAW OFFICES OF EDWARD S. IRONS, P.C.
3945 52ND STREET, NW
WASHINGTON, DC 20016


Irons, LLC v. William Frederick Brandes

Case No. 1:06CV00904

Invoice No. 174163

Client Matter No. N/A

---

SERVICE OF PROCESS
William Frederick Brandes

| | |
|---|---|
| ATTEMPTED SERVICE OF PROCESS: | $60.00 |
| 4704 BUTTERWORTH PLACE, NW | |
| WASHINGTON, DC 20016 | |
| ATTEMPTED SERVICE OF PROCESS: | $60.00 |
| 4201 CATHEDRAL AVENUE, NW, APARTMENT 416 | |
| WASHINGTON, DC 20016 | |
| LOCATION RESEARCH | $250.00 |
| NARRATIVE AFFIDAVIT | $45.00 |


**AMOUNT PAID-**     $60.00

**BALANCE DUE UPON RECEIPT-**     $355.00

---

Please write invoice no. 174163 on your check.

**Case Comments-**

*Paid 9/12/06*
*LLC Check # 1065*

**EXHIBIT C TO**
**PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 4(d)**
**Irons LLC v. William F. Brandes,**
**Civil Action No. 1:06CV00904JR**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                          :
                                    :
                 Plaintiff          :
                                    :
         v.                         :    Civil Action No.
                                    :    1:06CV00904JR
WILLIAM FREDERICK BRANDES           :
                                    :
                 Defendant          :


PLAINTIFF'S NOTICE OF COMMENCEMENT OF ACTION
AND REQUEST TO WAIVE SERVICE OF SUMMONS
<u>(RULE 4(d) - FED.R.CIV.P.)</u>

Pursuant to Fed.R.Civ.P. 4(d), plaintiff hereby notifies defendant, William F. Brandes, of the commencement of this action and requests that defendant waive service of the summons.

In compliance with Fed.R.Civ.P. 4(d)(2):

(A)    This Notice and Request is in writing directed to defendant William F. Brandes.

(B)    This Notice and Request is dispatched through first class mail, addressed to William F. Brandes at 8075 Lee Haven Road, Easton, Maryland 21601 and also at 4201 Cathedral Avenue, N. W., Apartment 416, Washington, D.C. 20016.

(C)    This Notice and Request is accompanied by a copy of the Complaint which was filed in the United States District Court for the District of Columbia, Civil Action No. 1:06CV00904JR.

**EXHIBIT D TO**
**PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 4(d)**
<u>**Irons LLC v. William F. Brandes,**</u>
**Civil Action No. 1:06CV00904JR**

(D)   The defendant is informed by means of the following text prescribed by Fed.R.Civ.P. 84 of the consequence of compliance and of a failure to comply with this Request.   Specifically:

     (i)   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.   A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause is shown for his failure to sign and return the waiver.

     (ii)   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.

LLCv.brandes – FRCP 4 Notice

-2-

A party who waives service of the summons
retains all defenses and objections
(except any relating to the summons or to
the service of the summons), and may later
object to the jurisdiction of the court or
to the place where the action has been
brought.

(iii)   If you waive service, you must within the
time specified by part **(F)** on page 5
hereof serve on the plaintiff's attorney a
response to the complaint and must also
file a signed copy of the response with
the court.  If the answer or motion is not
served within this time, a default
judgment may be taken against you.  By
waiving service, you are allowed more time
to answer than if the summons had been
actually served when the request for
waiver of service was received.

(iv)    This is not a formal summons or
notification from the court, but rather
plaintiff's request that you, William F.
Brandes, sign and return the enclosed

-3-

waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if plaintiff receives a signed copy of the waiver within thirty (30) days after the date designated below as the date on which the Notice and Request is sent.  Plaintiff encloses a stamped and self-addressed envelope for your use.  An extra copy of the waiver is also attached for your records.

(v)    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty (60) days from the date designated below as the date on which this notice is sent.

       **(vi)**     If you do not return the signed waiver within the time indicated, plaintiff will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service.

**(E)**   The date on which this Notice and Request is sent is September 11, 2006.

**(F)**   Defendant is allowed thirty (30) days until October 11, 2006 to return the requested waiver of service of summons.

**(G)**   The plaintiff hereby provides an extra copy of this Notice and Request and a prepared means of compliance with this Request in writing.  See Attachment A.

Dated this 11th day of September, 2006.

                *Edward S. Irons*

                Edward S. Irons
                D.C. Bar No. 149898
                Edward S. Irons, P.C.
                3945 - 52nd Street, N. W.
                Washington, D. C. 20016
                (202)  362-5332 - voice
                (202)  966-1338 - fax
                Tingent@aol.com - email
                Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
IRONS, LLC                            :
                                      :
                 Plaintiff            :
                                      :
            v.                        :  Civil Action No.
                                      :  1:06CV00904JR
WILLIAM FREDERICK BRANDES             :
                                      :
                 Defendant            :
```

### ATTACHMENT A

This is Attachment A to "Plaintiff's Notice of Commencement of Action and Request to Waive Service of Summons (Rule 4(d) – Fed.R.Civ.P."

A stamped, addressed envelope for return of the signed copy of this Notice is enclosed.

Defendant William F. Brandes acknowledges receipt of plaintiff's "Notice of Commencement of Action and Request to Waive Service of Summons" mailed September 7, 2006.

Defendant William F. Brandes hereby waives service of a summons as requested by plaintiff.


_____        _____
Dated                                William F. Brandes

LAW OFFICES OF
# EDWARD S. IRONS
A PROFESSIONAL CORPORATION
3945 - 52ᴺᴰ STREET, N.W.
WASHINGTON, D.C. 20016

TELEPHONE:
(202) 362-5332

September 12, 2006

TELEFAX:
(202) 966-1338
E-MAIL:
TINGENT@AOL.COM

Mr. William F. Brandes
8075 Lee Haven Road
Easton, Maryland  21601
          -and-
4201 Cathedral Avenue, N. W.
Apartment 416
Washington, D. C. 20016

                    Re:  Irons LLC v. Brandes
                         U.S.D.C. - 1:06CV00904

Dear Mr. Brandes:

     On September 11, 2006, a copy of the Complaint which is pending
in the United States District Court for the District of Columbia as
Civil Action 1:06CV00904 was mailed to you.  This Complaint has not
yet been served as of the September 12, 2006 date of this letter.

     Also sent on September 11, 2006 was a formal notification under
Federal Rule of Civil Procedure 4(d).

     If you will sign this letter in the place indicated below and
send it to me for receipt on or before Monday, September 25, 2006,
the Complaint will not be served.  Otherwise the Complaint will be
pressed.

                              Very truly yours,

                              Edward S. Irons
                              Edward S. Irons

ESI/vgc

Enclosures
cc:  Carin Brandes (without enclosures)


     I, William F. Brandes, hereby unequivocally and irreparably
assign the entirety of any and all of the interest that I have or may
have in Irons LLC to my wife, Carin Brandes, 4704 Butterworth Place,
N. W., Washington, D. C. 20016.

_____         _____
Date                        William F. Brandes


                              EXHIBIT E TO
                    PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 4(d)
                    Irons LLC v. William F. Brandes,
                    Civil Action No. 1:06CV00904JR

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                          :
                                    :
                Plaintiff           :
                                    :
            v.                      :   Civil Action No.
                                    :   1:06CV00904JR
WILLIAM FREDERICK BRANDES            :
                                    :
                Defendant           :

### ORDER GRANTING PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 4(d)

UPON CONSIDERATION of Plaintiff's Motion Under Fed.R.Civ.P. 4(d) and any opposition thereto, and good cause having been shown, it is by the United States District Court for the District of Columbia hereby ORDERED as follows:

1.  Defendant was, in fact, served with the Summons and Complaint in this action upon receipt prior to September 25, 2006 of plaintiff's Notice and Request of September 11, 2006 which included a copy of the Summons and Complaint.

2.  Judgment by default is entered against defendant Brandes.

3.  Plaintiff is awarded its costs and attorney's fees as required by Fed.R.Civ.P. 4(d)(2) and (5).

_____        _____
Date                           Judge