THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC,

    *Plaintiff*,

v.

WILLIAM FREDERICK BRANDES,

    *Defendant*.

Civil Action No. 06-cv-904 JR

### *MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION UNDER FED. R.CIV. P.4(d)*

In the hopes of avoiding further delay and waste of judicial resources, Defendant William Frederick Brandes is taking the somewhat unusual step of appearing, by counsel, in a case in which he has not yet been served in order to oppose plaintiff's unorthodox motion ("Motion") seeking a default and the imposition of costs and attorney's fees. Plaintiff's counsel furnished a copy of the Motion to undersigned counsel by electronic mail on October 5, 2006.

**I.    FACTUAL BACKGROUND.**

Plaintiff Irons, LLC is represented by Edward Irons, who is the father of defendant's wife, Carin Brandes ("Carin"). Defendant and Carin are in the process of divorcing. This action is the second case Mr. Irons has filed in this Court concerning defendant's interest in Irons, LLC. The first action, also styled *Irons, LLC v. William Frederick Brandes*, was assigned Civil Action Number 06-cv-297 and assigned to the Honorable Rosemary M. Collyer. In the prior case, defendant was served with the summons and complaint at his weekend home in Easton, Maryland. That home is also one of the subjects of the prior case and the instant action.

On March 21, 2006, defendant moved to dismiss the prior case and plaintiff, in lieu of a response, filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) on March 28, 2006. The Court

entered a minute order approving the dismissal on April 5, 2006.  Some five weeks later, plaintiff commenced the instant action.  The complaint herein alleges the same operative facts contained in the complaint in Civil Action No. 06-297.

Plaintiff's Motion reveals that the following sequence of events transpired in this matter:

| | |
|---|---|
| May 12, 2006— | Complaint filed and 120-day summons issued. |
| May 15, 2006— | Plaintiff engages Boomer's Process Service ("Boomer's"). |
| May 24-June 3, 2006— | Boomer's makes unsuccessful attempts at service. |
| June 6, 2006— | Mr. Irons writes to undersigned counsel to inquire whether undersigned counsel will accept service on defendant's behalf. |
| June 8, 2006— | Undersigned counsel agrees to accept service, provided defendant is given until July 31, 2006 to respond, owing, as noted in undersigned counsel's letter (Motion, p.3), to the fact that undersigned counsel will be out of the country from July 2-15.[1] |
| June 13, 2006— | Mr. Irons writes to undersigned counsel and agrees to the July 31 response date.  Rather than simply transmitting the summons and complaint with the letter, however, Mr. Irons states that he will send the summons and complaint "on or about Friday, June 23, 2006." |
| June 21, 2006— | Mr. Irons writes to undersigned counsel again.  Rather than transmitting the summons and complaint, however, Mr. Irons writes to inform undersigned counsel that he will not be sending the summons and complaint until July 3.  There is no explanation for the delay, or for selecting a date when Mr. Irons knows undersigned counsel will be out of the country. |
| June 28, 2006— | Undersigned counsel writes to Mr. Irons to inform him that undersigned counsel is no longer authorized to accept service. |

---

[1] The requested accommodation of 54 days was actually less time than contemplated by Rule 4(d), which allows a defendant executing a waiver of service 60 days to respond.

| | |
|---|---|
| July 24, 2006— | Plaintiff retains Capitol Process/Investigator Services ("Capitol"). Capitol makes an unspecified number of attempts on unspecified dates to serve Mr. Brandes at two or possibly four different apartments. Capitol then attempts to contact Mr. Brandes at the marital home, at which, as Mr. Irons well knows, Mr. Brandes no longer resides. |
| September 8, 2006— | Capitol executes an affidavit describing the foregoing (Motion, Ex. B) and generates an invoice (Motion, Ex. C). |
| September 9, 2006— | The summons expires. |
| September 11, 2006— | Mr. Irons transmits what purports to be a Rule 4(d) notice, attaching the expired summons. |
| September 12, 2006— | Mr. Irons writes directly to defendant, informing him that the summons, complaint and Rule 4(d) notice have been sent. Mr. Irons asks defendant to execute an assignment of defendant's entire interest in Irons, LLC to Carin and return it to Mr. Irons by September 25. Motion, Ex. E. "Otherwise," Mr. Irons writes, "the Complaint will be pressed." *Id.* |
| September 25, 2006— | Undersigned counsel writes to Mr. Irons to request that Mr. Irons not contact defendant directly, and to offer, once again, to discuss service.[2] A copy of undersigned counsel's letter is attached hereto and adopted herein by reference as Exhibit 1. |
| October 5, 2006— | Plaintiff files its Motion, seeking entry of a default, costs and attorney's fees. |

---

[2] Mr. Irons' bypassing undersigned counsel and contacting defendant directly, in violation of Rule of Professional Conduct 4.2(a) and L.Cv.R. 83.15(a), is troublesome enough because Mr. Irons asked defendant to accept service of an expired summons, but more so because Mr. Irons asked defendant to compromise his defense and assign valuable rights in Irons, LLC to Mr. Irons' daughter, all the while knowing that defendant was represented by counsel. Mr. Irons' profession of surprise that the undersigned is representing defendant, because the undersigned had not, on September 12, entered an appearance in this action, is belied by Mr. Irons' earlier request to have the undersigned accept service of process on defendant's behalf.

**II.     ARGUMENT.**

As the foregoing timeline makes clear, to the extent that plaintiff incurred any costs for service, they were incurred well before September 11, 2006, when plaintiff purported to send notice pursuant to Rule 4(d).  Plaintiff first attempted service—using Boomer's—without either sending a Rule 4(d) notice or contacting undersigned counsel.  When that proved unsuccessful, plaintiff's counsel contacted the undersigned.  Defendant complied with the spirit of Rule 4(d) by authorizing undersigned counsel to accept service, with the only condition being that plaintiff grant an entirely reasonable accommodation in the time for responding;  indeed, the requested accommodation was less time than defendant would have been granted had plaintiff actually complied with Rule 4(d).  Defendant only rescinded that authorization when it became clear that plaintiff's counsel was engaged in sheer gamesmanship with respect to the timing of service of the complaint.

Mr. Irons declared his intention not to provide the summons and complaint until July 3, knowing full well that undersigned counsel would effectively have only two weeks to respond.  Then, informed that undersigned counsel was no longer authorized to accept service, he did nothing for a month, waiting until July 24 to hire Capitol.  When that proved unsuccessful, plaintiff's counsel belatedly invoked the Rule 4(d) waiver procedure.  By that time, though, the summons had expired.

Ignoring the lateness and deficiency of plaintiff's attempt to invoke the waiver rule, undersigned counsel wrote to Mr. Irons.  After admonishing plaintiff's counsel not to contact defendant directly, undersigned counsel offered, yet again, to discuss accepting service for Mr. Brandes. Ex. 1.  This letter was transmitted by fax and mailed on September 25, more than two weeks before the October 11 deadline for waiving service set forth in the September 11 notice.  *Id.*;  Motion, Ex. D;  *see also* Rule 4(d)(2)(F) (notice shall allow defendant at least 30 days to return waiver).  Instead of calling

4

undersigned counsel, plaintiff filed the instant motion on October 5, before the time for complying with the request for waiver of service had even run.

### III. <u>CONCLUSION.</u>

Plaintiff has complied with neither the letter nor the spirit of Rule 4(d); it is not entitled to a default, nor to the imposition of costs that it incurred before ever sending the Rule 4(d) request for waiver. The instant civil action, like its predecessor, merely attempts to litigate in this forum matters best reserved to defendant's divorce case. Defendant respectfully submits that the Court should not countenance plaintiff's counsel's repeated and vexatious attempts to multiply the proceedings unnecessarily.

        Respectfully submitted,

        FUREY, DOOLAN & ABELL, LLP

By: /s/
Robert E. Grant, Bar No. 458157
8401 Connecticut Avenue
Suite 1100
Chevy Chase, Maryland 20815-5803
Tel. 301.652.6880
Fax 301.652.8972
E-mail rgrant@fdalaw.com

*Attorneys for Defendant*