```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                          :
                                    :
            Plaintiff               :
                                    :
       v.                           :  Civil Action No.
                                    :  1:06CV00904JR
WILLIAM FREDERICK BRANDES           :
                                    :
            Defendant               :
```

### REPLY IN SUPPORT OF
### PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 4(d)

#### This Reply is Timely

The Opposition to plaintiff's Motion Under Fed.R.Civ.P. 4(d) was served and filed electronically on October 10, 2006. Under LCvR 7(d), plaintiff "may serve and file a reply memorandum" "five days [excluding weekends] after service of the memorandum in opposition". This Reply is timely served and filed on Tuesday, October 17, 2006 after the weekend of October 14-15, 2006.

#### Points and Authorities in Support of Reply

"Plaintiff's Notice of Commencement of Action and Request to Waive Service of Summons" was mailed to defendant on September **11**, 2006. It was timely received by defendant and by defendant's counsel Mr. Grant. **A copy of plaintiff's Notice and**

**Request is of record as Exhibit D of this Rule 4(d) Motion.** It states, in part:

> (D) The defendant is informed by means of the following text prescribed by Fed.R.Civ.P. 84 of the consequence of compliance and of a failure to comply with this Request. Specifically:
>
> (i) Rule 4 of the Federal Rules of Civil Procedure <u>requires certain parties to cooperate</u> in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be <u>required to bear the cost of such service unless good cause is shown</u> for his failure to sign and return the waiver.
>
> ***
>
> (iv) This is not a formal summons or notification from the court, but rather plaintiff's request that you, William F. Brandes, sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if plaintiff receives a signed copy of the waiver within thirty (30) days after <u>the date designated below</u> [i.e., by October 11, 2006] as the date on which the Notice and Request is sent. Plaintiff encloses a stamped and self-addressed envelope for your use. An extra copy of the waiver is also attached for your records.
>
> ***
>
> (vi) If you do <u>not</u> return the signed waiver within the time indicated [i.e., by October 11, 2006], plaintiff will take appropriate steps to effect formal service in a manner authorized by the Federal

>   Rules of Civil Procedure and will then, to
>   the extent authorized by those Rules, ask
>   the court to require you to pay the full
>   costs of such service.
>
> **(E)** The <u>date</u> on which this Notice and Request is <u>sent</u>
> is <u>September 11, 2006.</u>
>
> **(F)** <u>Defendant is allowed thirty (30) days until
> October 11, 2006 to return the requested waiver of
> service of summons.</u>   [pp. 2-5; emphasis added]

Defendant did <u>not</u> return the requested signed waiver of service on October 11, 2006.  Indeed, defendant has not only <u>refused</u> to do so, but has also <u>failed to make any showing of</u> "<u>good cause</u>" for his failure to do so as required by Rule 4(d)(1).

Without more, plaintiff's Motion under Fed.R.Civ.P. 4(d) must be granted.

### Legal Standard

According to <u>Moore's Federal Practice 3d</u> §4.13[1][a], pp. 4-40 to 4-41:

> § 4.13   *Defendant Receiving Notice and Request Has
> <u>Affirmative Duty</u> to Avoid Costs Involved With
> Service of Process*
>
>> [1]——<u>If Defendant Fails to Comply With Notice</u> [as
>> defendant has done] <u>and Request, Court Will
>> Impose Costs of Service on Defendant</u>
>>
>>> [a]——*Defendant <u>Must</u> Pay Costs Incurred in
>>> Effecting Service of Process*

>    Generally, a defendant receiving a notice of action and request for waiver has an <u>affirmative duty to avoid unnecessary costs involved with service of process</u>....
>
>    The duty to avoid unnecessary <u>costs must be fulfilled only by executing the waiver and returning it to plaintiff</u>. A defendant who compels plaintiff to effect formal service of process by <u>refusing</u> [<u>as defendant has done</u>] to sign and return the waiver <u>will</u>, in turn, <u>be compelled by the court to pay plaintiff for the costs incurred in effecting service</u>....  [Footnotes omitted; emphasis added]

<u>No "Good Cause"</u>

Plaintiff's Motion must be determined only on the <u>evidence</u> which is before the Court.  For lack of any <u>evidence</u> to show "good cause", defendant submits only a plurality of lawyer's arguments—which are not evidence.  Because these lawyer's arguments cannot be relied on by the Court to any extent whatever, no response to these arguments by the plaintiff is necessary or would be appropriate.

Plaintiff does address only several of the arguments that are misrepresentations in violation of LCvR 11 which may mislead the Court.

(1)  <u>Summons Has <u>Not</u> Expired</u>: According to the Opposition, plaintiff's Rule 4(d) Notice mailed September 11, 2006 is "late" because the Summons "expire[d]" on Saturday, September <u>9</u>, 2006 (Opp. 3-4).  The Rule 4(d) Notice was <u>not</u> "late" because it was mailed on Monday, September 11, 2006.  It was not "late" anyway because defendant's counsel first agreed to accept service by

letter dated June 8, 2006, but then by letter dated June 28, 2006 stated, without explanation, that he "is no longer authorized to accept service" (Opp. 2).

Defendant counsel's conduct, in first agreeing to accept service, and then stating that he was not authorized to do so, is good cause for plaintiff's alleged delay from September 9, 2006 to September 11, 2006 to submit to defendant the Complaint, Summons and Rule 4(d) Notice. See Geller v. Newell, 602 F.Supp. 501 (S.D.N.Y. 1984):

> Good cause for failing to serve process until 134 days after complaint was filed existed in that process was originally served on defendant's former attorney, who had previously informed plaintiff that he would accept service of process, and, upon being notified by attorney that he was no longer authorized to accept process, plaintiff undertook reasonable efforts to discover defendant's whereabouts and made prompt arrangements for personal service when defendant's whereabouts were ascertained. Fed.Rules Civ.Proc. Rule 4(j), 28 U.S.C.A.

(2) Defendant Is In Default: Defendant was in fact duly and properly served upon receipt of "Plaintiff's Notice of Commencement of Action and Request to Waive Service of Summons" mailed September 11, 2006, which enclosed not only the Summons but also a copy of the Complaint.

Defendant's claim that he is not in default and that the Rule 4(d) Notice was "late" is really a procedurally defective "motion" to vacate his default which actually occurred

<u>automatically</u> upon his receipt of plaintiff's September <u>11</u>, 2006 Notice and Request which transmitted, <u>inter alia</u>, a copy of the Complaint.

(3) <u>No Violation of R.P.C. 4.2(a)</u>:  As to the Opposition, n. 2, p. 3, plaintiff's counsel denies that he has violated Rule of Professional Conduct 4.2(a).  Moreover, such a "violation", <u>if</u> it occurred—which it did <u>not</u>—would not be "good cause" for defendant's breach of Rule 4.

(4) <u>"Prior Case" 06-cv-207 Dismissed</u>:  The "prior case" No. 06-cv-297 to which the Opposition adverts at pp. 1-2 and 5 was dismissed <u>without prejudice</u> on April 5, 2006.  The dismissal order states:

> Notice of Electronic Filing
>
> The following transaction was received from LCrmc1, entered on 4/5/2006 at 2:31 PM and filed on 4/5/2006
> Case Name:     IRONS, LLC v. BRANDES
> Case Number:   1:06-cv-297
> Filer:
> Document Number:
>
> Docket Text:
> MINUTE ENTRY ORDER approving [4] Plaintiff's Notice of Voluntary Dismissal; denying as moot [3] Defendant's Motion to Dismiss; and dismissing the action.  Pursuant to Fed.R.Civ.P. 41(a)(1)(i), <u>this action is hereby dismissed without prejudice</u>.  Signed by Judge Rosemary M. Collyer on 4/5/06. (ebb)  [Emphasis added.]

Defendant did not oppose plaintiff's request—granted by the Court—that the dismissal of the prior case be <u>without prejudice</u>.

The Opposition's charge that plaintiff's counsel is guilty of "repeated and vexatious attempts to multiply the proceedings unnecessarily" (Opp. 5) is contradicted by the record in this case.

(5) <u>"Divorce Case" Not Of Record</u>:  The "Conclusion" of the Opposition also alleges:

> The instant civil action, like its predecessor, merely attempts to litigate in this forum matters best reserved to defendant's divorce case. (Opp. 5).

What divorce case?  There is <u>no record</u> in <u>this case</u> of defendant's alleged divorce case.

(6) <u>June 21, 2006 Entry</u>:  The June 21, 2006 entry for the "sequence of events" (Opp. 2) states:

> June 21, 2006—   Mr. Irons writes to undersigned counsel again.  Rather than transmitting the summons and complaint, however, Mr. Irons writes to inform undersigned counsel that he will not be sending the summons and complaint until July 3.  There is no explanation for the delay, or for selecting a date when Mr. Irons knows undersigned counsel will be out of the country.

The June 21, 2006 entry <u>improperly imputes</u> misconduct to Mr. Irons because the preceding June 13, 2006 entry <u>admits</u> that "Irons...agrees to the July 31, 2006 response date" (Opp. 2).  Hence, there was no need for explanation of Mr. Irons' decision to send the summons and complaint on July 3, 2006 instead of

June 23, 2006. The agreed-to July 31, 2006 response date was chosen by defendant's counsel Mr. Grant to accommodate the fact that he allegedly would be out of the country "from July 2-15".

This same false charge against Irons is set forth in the Opposition <u>per se</u>. See page 4 where it is stated:

> Mr. Irons declared his intention not to provide the summons and complaint until July 3, knowing full well that undersigned counsel would effectively have only two weeks to respond. Then, informed that undersigned counsel was no longer authorized to accept service, he did nothing for a month, waiting until July 24 to hire Capitol. When that proved unsuccessful, plaintiff's counsel belatedly invoked the Rule 4(d) waiver procedure. By that time, though, the summons had expired.

<u>Conclusion</u>

Plaintiff is entitled to entry of its proposed "Order" as submitted and without any change and without delay.

/s/
Edward S. Irons
D.C. Bar No. 149898
Edward S. Irons, P.C.
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202) 362-5332 - voice
(202) 966-1338 - fax
Tingent@aol.com - email
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 17th day of October 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Dolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

                              /s/
                              Edward S. Irons