```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                          :
                                    :
            Plaintiff               :
                                    :
        v.                          :   Civil Action No.
                                    :   1:06CV00904JR
WILLIAM FREDERICK BRANDES           :
                                    :
            Defendant               :
```

### SUPPLEMENT TO REPLY IN SUPPORT OF
### PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 4(d)

This "Supplement" is filed to inform the Court of facts first learned by plaintiff's counsel at about 1:20 p.m., October 31, 2006. The fact is that defendant, through counsel, has apparently breached Local Civil Rule 11 which states:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper. A name affixed by a rubber stamp shall not be deemed a signature. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, embarrass, or cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of this Rule, the Court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction,

      which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

      Robert E. Grant, Bar No. 458157, signed and filed "Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion Under Fed.R.Civ.P. 4(d)" on October 10, 2006.  In that document, Mr. Grant states:  "Defendant and Carin [his wife] are in the process of divorcing" (Opp. 1).

      The "Conclusion" of Mr. Grant's Opposition argues that: "The instant civil action, like its predecessor, merely attempts to litigate in this forum matters best reserved for defendant's divorce case" (Opp. 5).

      Plaintiff's "Reply", after quoting the foregoing passage from Mr. Grant's Opposition, reads:  "What divorce case?  There is <u>no record</u> in <u>this case</u> of defendant's alleged divorce case" (Reply 7; emphasis in original).

      Plaintiff's challenge to the integrity of the Opposition is well founded.  Plaintiff's counsel requested an investigation to determine if there is any "divorce case".  The investigation determined that <u>there is no such divorce proceeding pending in</u>

<u>the District of Columbia Superior Court</u>.[1]  The report of the investigation, faxed to Mr. Irons on October 31, 2006, states:

> As per your order you made through Vickie Cummings, I went to conduct the search at DC Superior Court.  Unfortunately, there were no results on your search for this divorce proceeding [re: Brandes v. Brandes]....

If there is no "divorce case", then under LCvR 11 "the Court....shall impose...an appropriate sanction".  In this case, such a "sanction" would at least include an order that grants plaintiff's Rule 4(d) Motion with an award of attorney's fees, including those incurred by a submission of this "Supplement".

```
                              /s/_____
                              Edward S. Irons
                              D.C. Bar No. 149898
                              Edward S. Irons, P.C.
                              3945 - 52nd Street, N. W.
                              Washington, D. C. 20016
                              (202)  362-5332 - voice
                              (202)  966-1338 - fax
                              Tingent@aol.com - email
                              Attorney for Plaintiff
```

---

[1]  "Defendant and Carin" are residents of the District of Columbia, who maintained a residence at 4704 Butterworth Place, N.W., Washington, D. C. 20016 (Opp. 1).  Hence, the D.C. Superior Court is deemed to be the <u>only</u> Court that would have jurisdiction of the alleged "divorce case" (Opp. 5).

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 1st day of November, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Dolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

                             /s/
                             Edward S. Irons