UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                             :
A Limited Liability Corporation        :
of the Commonwealth of Virginia        :
3945 Fifty Second Street, N. W.        :
Washington, D. C. 20016                :
                                       :
                    Plaintiff          :
                                       :
        v.                             :   Civil Action No.
                                       :   1:06CV00904JR
WILLIAM FREDERICK BRANDES              :
An Individual                          :
4201 Cathedral Avenue, N. W.           :
Apartment 416                          :
Washington, D. C. 20016                :
        and                            :
8075 Lee Haven Road                    :
Easton, Maryland  21601                :
                                       :
                    Defendant          :


FIRST AMENDED COMPLAINT[1]

        Comes now the plaintiff, Irons LLC, by and through its

counsel, Edward S. Irons, and for its complaint against defendant

William Frederick Brandes states and avers.

I.   VENUE AND JURISDICTION

        1.  The acts which resulted in the filing of this Complaint

occurred in the District of Columbia.

---

        [1]  This "First Amended Complaint" is filed "as a matter of
course" because no pleading responsive to the original complaint
has been served.  Fed.R.Civ.P. 15(a).

LLCv.brandes
firstamendedcomplaint

-1-

2.   Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2).

3.   This Court has jurisdiction of this case under 28 U.S.C. §1332.

4.   There is complete diversity of citizenship as between the plaintiff and the defendants.

5.   The amount in controversy is in excess of $75,000, excluding interest and costs.

## II.   THE PARTIES

6.   Plaintiff, Irons LLC, is a Limited Liability Corporation organized under the laws of the Commonwealth of Virginia having a registered agent at 707 Prince Street, Alexandria, Virginia 22314.

7.   Defendant, William Frederick Brandes ("William"), is an individual who resides at 8075 Lee Haven Road, Easton, Maryland 21601 and at 4201 Cathedral Avenue, N.W., Apartment 416, Washington, D.C. 20016.

8.   William is the husband of Carin Irons Brandes ("Carin").

9.   Defendant William is in the process of divorcing his wife Carin.  Related Non-Party Entity Grant represents defendant William in the divorce proceeding.

LLCv.brandes
firstamendedcomplaint

-2-

10.   Carin is the daughter of Edward S. Irons ("Edward"), the Managing Member of plaintiff Irons LLC, and Mary L. Irons ("Mary").

11.   Lauren Elizabeth Brandes ("Lauren") is the daughter of William and Carin.

12.   At all relevant times Carin owned, by inheritance from her Irons' grandparents, some 80 acres of land in Vermillion County, Illinois.

### III.   RELATED NON-PARTY ENTITY

13.   Related Non-Party Entity, Robert E. Grant ("Grant"), Bar No. 458157, is an individual who is a member of the law firm of Furey, Doolan, & Abell, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803.

14.   On October 10, 2006, Grant filed a "Notice of Entry of Appearance" in this case as counsel for defendant William.

15.   Exhibit 1 to this Complaint is a copy of the "Articles of Incorporation of Irons LLC" filed December 3, 2002.

16.   Exhibit 2 is a copy of the executed "Irons LLC Operating Agreement" "made this 16th day of December, 2002".

17.   Exhibits 3 and 4 are "Assignment[s] of Company Interest" from plaintiff Irons LLC to Defendant William.  Each of Exhibits 3 and 4, over the signature of defendant William, states

LLCv.brandes
firstamendedcomplaint

on page 2:  "I HEREBY ACCEPT the above Assignment of Company Interest and agree to abide by the terms of the Operating Agreement of Irons LLC".

18.  Exhibit 5 is a copy of the executed "Power of Attorney" pursuant to which Irons LLC appears as the true and lawful attorney in the name, place and stead of Edward S. Irons and Mary L. Irons ("The Irons").

19.  The Articles of Incorporation of plaintiff Irons LLC (Exhibit 1) were filed December 3, 2002.

20.  Defendant William has agreed per Exhibits 3 and 4 to "abide by the terms of the Operating Agreement of Irons LLC" (Exhibit 2).

21.  Under the Irons LLC Operating Agreement (Exhibit 2), effective December 16, 2002, Edward is designated as, and at all relevant times has been and is now, the Managing Member of Irons LLC.

22.  Subsequent to December 16, 2002 and prior to December 31, 2002, Edward met with Carin, Mary and defendant William ("the December 2002 meeting").

IV.  ALLOCATION AND ASSIGNMENT OF AN
INTEREST IN IRONS LLC TO DEFENDANT

23.  Defendant William agreed to and did become a member of plaintiff Irons LLC at the December 2002 meeting alleged in

paragraph 22 hereof, and he then agreed to abide the terms of the Irons LLC Operating Agreement (Exhibit 2), which Operating Agreement was formalized on March 13, 2003 by the Assignments which are Exhibits 3 and 4 hereof.

### A.   Talbot County, Maryland Real Estate Parcels

24.   Prior to 1996, defendant William and his wife, Carin, desired to obtain a first parcel of Talbot County, Maryland real estate; specifically the property located at 8075 Lee Haven Road, Easton, Maryland for a purchase price of $632,500, but lacked sufficient funds to do so.

25.   Funding for the acquisition of said first parcel of Talbot County, Maryland real estate was arranged as follows:

(i)     Pursuant to agreement with The Brandes, The Irons provided funds in excess of $400,000 or about 80% of the total initial purchase price of $632,500.

(ii)    In cooperation and agreement with The Irons, Carin sold the property she then owned in Vermillion County, Illinois to provide in that way and otherwise about $200,000 for application to the purchase price.

26.  In 1996 or 1997, the said first parcel was purchased by The Brandes who funded that purchase in the manner described in paragraph 25 hereof.

27.  The original purposes and expectations of The Irons in providing funds to The Brandes as alleged in paragraph 25 hereof included, among other things:

(i)      maintenance of the assets of The Irons and the assets of The Brandes (including the assets previously acquired by The Brandes from, by or through The Irons) at all times under the control of The Irons,

(ii)     provision of an initial investment in real estate located on the Eastern Shore of Maryland, said initial investment to be used as a part of a then-contemplated plan to engage in an Eastern Shore of Maryland real estate venture, and

(iii)    provision of an Eastern Shore home not only for The Brandes but also to be shared with The Irons from time to time.

28.  In accord with the original purposes and expectations of the parties, The Brandes purchased and acquired legal title to the said first parcel of Talbot County, Maryland real estate

sometime in 1996 or 1997, and funded said purchase with the funds
provided to them by The Irons and Carin as alleged in
paragraph 25 hereof; provided, however, that said Brandes' legal
title at all times has been and is now subject to an outstanding
equity interest of The Irons in the said first real estate parcel
in Talbot County, Maryland property, said Irons' equity interest
having an initial value in excess of $400,000 and Carin's equity
interest having an initial value in excess of $200,000.

29.    The Irons LLC asset allocation to defendant William set
forth in paragraph 23 hereof and the Exhibit 3 and 4 Assignments
of an interest in plaintiff Irons LLC were then made by Edward as
Managing Member of plaintiff Irons LLC

(i)     as consideration for the agreement by defendant
        William at the December 2002 meeting to become a
        member of plaintiff Irons LLC, to abide the terms of
        the Operating Agreement, and thereby assume the
        obligations consequent from doing so as now set
        forth in the Operating Agreement (Exhibit 2 hereof)
        and the Articles of Incorporation (Exhibit 1 hereof)
        of Irons LLC;

(ii)    should need therefor arise, to provide economic
        security for and to impart and maintain, as might be

LLCv.brandes
firstamendedcomplaint

-7-

necessary, stability to the marriage of Carin and

William and, thereby to provide a stable family and

home life for Lauren;

(iii)   to preserve and maintain within the Irons/Brandes

families unimpaired control of all of the Irons LLC

assets and, as such, subject to the control of

Edward as Managing Member of Irons LLC; and

(iv)   based on advice of counsel, to accommodate the tax

laws, including estate tax laws, germane to

substantial assets originally provided by Edward to

fund Irons LLC.

## COUNT 1

### THE EXHIBITS 3 AND 4 ASSIGNMENTS
### ARE VOID FOR FRAUDULENT PROCUREMENT

30.   In support of this Count 1, plaintiff specifically

alleges as follows:

(i)     The Exhibit 3 and 4 Assignments were fraudulently

procured and are void.

(ii)    Beginning long before and continuing until and after

the time of the December 2002 meeting alleged in

paragraph 22 hereof and the execution on March 13,

2003 of the Assignments which are Exhibits 3 and 4

LLCv.brandes
firstamendedcomplaint

-8-

hereof, defendant William knew that his marriage to Carin was unstable.

(iii)   The instability of the Irons-Brandes marriage was a known, material, existing fact that in equity or good conscience should have been disclosed to plaintiff Irons LLC at or before each of the December 2002 meeting and defendant William's execution of the Exhibits 3 and 4 Assignments on March 13, 2003.

(iv)   Defendant William concealed said material fact from The Irons and plaintiff Irons LLC at and after the December 2002 meeting and prior to the execution on March 13, 2003 by Edward S. Irons, Managing Member of the Exhibits 3 and 4 Assignments.

(v)   Defendant William intended that Irons LLC and Irons LLC did, in fact, act in ignorance of the said concealed material fact.

(vi)   So misled, Irons LLC did, in fact, make the allocation and execute the Assignments to defendant William of an interest in Irons LLC as alleged, _inter alia_, in paragraph 23 hereof and as set forth in the Exhibit 3 and 4 Assignments.

LLCv.brandes
firstamendedcomplaint

(vii)   Defendant William's concealment of the said material fact has damaged and is now damaging plaintiff Irons LLC.

31.   Because defendant William knew at the time he participated in the December 2002 meeting alleged in paragraph 22 hereof and at the time he signed the Exhibit 3 and 4 Assignments of an interest in Irons LLC that his marriage to Carin was unstable and that such information would have been material to Managing Member Edward's decision to allocate by paragraph 23 hereof and then assign by Exhibits 3 and 4 the interest in Irons LLC to William as alleged, defendant William was then under a duty in equity and good conscience to disclose that information to Irons LLC's Managing Member Edward at that meeting.

32.   Defendant William's failure to make such disclosure was fraudulent in that but for such failure to disclose, no allocation and no assignment of any Irons LLC interest whatever would have been made to defendant William.

33.   Contrary to the original purposes and expectations of the parties as alleged in paragraphs 27-29 and 32 hereof, defendant William (in exploitation of his fraudulent procurement of an interest in plaintiff Irons LLC) during the last quarter of 2005, repeatedly rejected the written requests of Edward, as

LLCv.brandes
firstamendedcomplaint

Managing Member of Irons LLC, and Carin, as a member of Irons

LLC, forthwith to assign and transfer either to said Carin, or to

Lauren, or both, the unencumbered entirety of his 21.6056%

interest in Irons LLC which he fraudulently and dishonestly

procured as alleged in paragraph 32 hereof.

<u>COUNT 2 - BREACH OF OPERATING AGREEMENT</u>

34.  Plaintiff incorporates herein, as if fully set forth,

each and every allegation contained in all of the other preceding

paragraphs of this Complaint.

35.  The Articles of Incorporation of Irons LLC (Exhibit 1)

states, in part:

> SEVENTH:  The following provisions are hereby
> adopted for the purposes of defining, limiting, and
> regulating the powers of the Company and any of the members
> thereof:
>
> (a)  The management of the Company is reserved to
> the members of the Company, and the authority of members to
> act for the Company solely by virtue of their being members,
> is limited.  Members' authority is set forth in the
> Operating Agreement.  [p. 2]

36.  The Operating Agreement (Exhibit 2 hereof) states, in

part:

> SECTION 15
> VOLUNTARY TRANSFER OF COMPANY INTEREST;
> OPTION ON DEATH OF A MEMBER
>
> A.  Except as provided in paragraph 15.D, no member
> (hereinafter referred to as the "Selling Member") shall
> sell, hypothecate, pledge, assign, or otherwise transfer

LLCv.brandes
firstamendedcomplaint

-11-

with or without consideration (hereinafter collectively referred to as "Transfer") any part or all of their interest or rights in the Company (hereafter "Company Interest") without first notifying the Company and each of the remaining members of the Company in writing, sent certified mail, postage prepaid, return receipt requested, and complying with the other provisions of this Operating Agreement.

B.   Each member hereby covenants and agrees that he or she will not sell, assign, transfer, mortgage, pledge, encumber, hypothecate or otherwise dispose of all or any part of his or her Company Interest to any person, firm, corporation, trust or other entity without offering a right of first refusal to the Company.  The Company shall have the right to accept the written third party offer at any time during the thirty (30) days following the date of which the written third party offer is delivered to the Company.  The consent of the managing member shall be required to authorize the exercise of such right of first refusal by the Company.  If the Company shall fail to accept the offer within the thirty (30) day period or waives its right of first refusal in a writing signed by the managing member prior to the expiration of the thirty (30) day period, such Company Interest may during the immediately following sixty (60) days be disposed of free of the restrictions imposed by this Operating Agreement; provided, however, that the purchase price for such Company Interest shall not be less and the terms of purchase for such interest shall not be more favorable than the purchase price and terms of purchase contained in the third party offer.  Any Company Interest not so disposed of within the sixty (60) day period shall thereafter remain subject to the terms of this Operating Agreement.  Notwithstanding the preceding sentences, no assignee of a Company Interest shall become a member of the Company except upon the consent of the managing member. [p. 12]

37.   Defendant William has, in fact, and in collusion and

conspiracy with Related Non-Party Entity Grant willfully and

purposefully violated Sections 15A and 15B of the Operating

LLCv.brandes
firstamendedcomplaint

Agreement by, among other things, "transfer[ring]" all or a "part" of the interest in plaintiff Irons LLC fraudulently assigned to him by Exhibits 3 and 4, by using such "part" directly or indirectly to finance litigation, including proceedings to divorce Carin, as payment of or commitment to pay attorney's fees and in other ways, by agreeing or committing to agree to include some or all of said part as consideration for a settlement of his divorce proceeding against Carin, and a part of or form of settlement of a compromise and settlement of the divorce in which he is involved with his wife Carin.

<u>COUNT 3 - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING</u>

38.  Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

39.  Under District of Columbia law, all contracts contain an implied duty of good faith and fair dealing which means that neither party will do anything that will have the effect of destroying or injurying the right of the other party.

40.  A part of the agreement pursuant to which The Irons funded or arranged for the funding of the acquisition of the first parcel of Talbot County, Maryland real estate as alleged in paragraph 25 hereof was an understanding by defendant William to

LLCv.brandes
firstamendedcomplaint

-13-

work in collaboration with The Irons to procure additional parcels of property on the Maryland Eastern Shore, including a contiguous second parcel of Talbot County, Maryland real estate.

41.    Pursuant to that understanding, defendant William successfully negotiated for and on behalf of The Irons and Irons LLC acquired such a contiguous, second parcel of land in Talbot County, Maryland.

42.    Said contiguous, second parcel was purchased by and is now owned by plaintiff Irons LLC.

43.    The conduct of defendant William as alleged in this Count 3 has had and is now having the effect of destroying or injuring the rights of plaintiff Irons LLC and of The Irons to the agreements, purposes and expectations of The Irons as alleged herein and otherwise.

<u>COUNT 4 - PROFESSIONAL MISCONDUCT</u>

44.    Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

45.    Under Rule 84, "Misconduct", of the Model Rules of Professional Conduct:

LLCv.brandes
firstamendedcomplaint

-14-

It is professional misconduct for a lawyer to:

(a)  violate or attempt to violate the Rules of
Professional Conduct, knowingly assist or induce another to
do so, or do so through the acts of another;
***
(d)  engage in conduct that is prejudicial to the
administration of justice;

46.  Defendant William jointly with his counsel, Related

Non-Party Entity Grant, has engaged in conduct prejudicial to the

administration of justice in violation of various Rules of

Professional Conduct, including but not limited to Rules of

Professional Conduct 1.7 and 8.4.

<u>COUNT 5</u>

CONFLICT OF INTEREST - DISQUALIFICATION
<u>OF GRANT AS COUNSEL FOR DEFENDANT BRANDES</u>

47.  Plaintiff incorporates herein, as if fully set forth,

each and every allegation contained in all of the other preceding

paragraphs of this Complaint.

48.  Related Non-Party Entity Grant's conflicting dual role

as counsel for defendant William not only in this case but also

in the proceeding for divorce from his wife, Carin, involves an

improper conflict of interest in violation of Rule of

Professional Conduct 1.7.

LLCv.brandes
firstamendedcomplaint

-15-

49.  As counsel for defendant William, Related Non-Party Entity Grant has a duty to his client defendant William and to the Court to respond timely and honestly to the Complaint in this action.

50.  To do so as counsel for defendant William, Related Non-Party Entity Grant must file and sign a response to the Complaint that includes allegations inconsistent with the position defendant William must assert in the divorce proceeding.

51.  Related Non-Party Entity Grant has evaded this conflict of interest by aiding and abetting the acts of defendant William in violation of Fed.R.Civ.P. 4(d).

52.  Due to the conflict of interest as alleged in paragraph 51 hereof, this Court has the power and the responsibility to disqualify Related Non-Party Entity Grant to represent defendant William in this action.

53.  If Related Non-Party Entity Grant does not voluntarily withdraw, a proper motion to disqualify will be filed.

<u>PRAYER</u>

Plaintiff Irons LLC requests entry of judgment including:

1.  An order that requires immediate transfer by defendant to plaintiff Irons LLC, or to Carin Brandes, his wife, or to

LLCv.brandes
firstamendedcomplaint

-16-

Lauren Brandes, his daughter, of the unencumbered entirety of the interest in Irons LLC initially allocated to defendant.

2.  An order preliminarily and permanently enjoining defendant from transferring or encumbering in any way any part whatever of (i) the Irons LLC interest allocated to defendant or (ii) any other asset acquired in whole or in part by defendant from Edward Irons or Mary Irons.

3.  An order forthwith enjoining defendant or any representative of defendant from any access whatever at any time or for any time whatever to the property located at 8075 Lee Haven Road, Easton, Maryland in which the plaintiff Irons LLC by and through The Irons, who are LLC members, has an equity interest valued in excess of $400,000.

4.  An order that defendant shall forthwith deliver to Edward, as Managing Member of plaintiff, all keys to the said Lee Haven Road property which are in his possession or control.

5.  An order preliminarily and permanently enjoining defendant from ever asserting any claim of any kind whatever to the aforesaid Easton, Maryland property.

6.  Compensatory damages in conformance with proof but in no event less than $250,000.

LLCv.brandes
firstamendedcomplaint

-17-

7.  Punitive and exemplary damages in the maximum amount available.

8.  Costs and attorney's fees.

9.  Such other relief as the Court deems just and proper.


/s/_____
Edward S. Irons
D.C. Bar No. 149898
Edward S. Irons, P.C.
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202)  362-5332 - voice
(202)  966-1338 - fax
Tingent@aol.com - email
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November 2006, a copy of the foregoing was served by e-mail upon the attorney of record for defendant, Robert E. Grant, Furey, Dolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.


/s/_____
Edward S. Irons


LLCv.brandes
firstamendedcomplaint

-18-