THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONS, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>WILLIAM BRANDES,<br><br>    *Defendant*. | Civil Action No. 06-cv-904 JR |

### **DEFENDANT'S MOTION TO DISMISS AND FOR COSTS PURSUANT TO RULE 41(d)**

Defendant William Frederick Brandes, by and through his undersigned attorneys, and pursuant to Rule 12(b)(6), moves to dismiss plaintiff's First Amended Complaint on the ground that it fails to state a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, and as more fully set forth in defendant's statement of points and authorities in support of this motion, adopted herein by reference, Defendant William Frederick Brandes respectfully prays that the Court dismiss plaintiff's Complaint with prejudice, award him his attorney's fees and costs pursuant to Rule 41(d), and for such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    FUREY, DOOLAN & ABELL, LLP

    By:   /s/ Robert E. Grant
        Robert E. Grant, Bar No. 458157
        8401 Connecticut Avenue
        Suite 1100
        Chevy Chase, Maryland 20815-5803
        Tel. 301.652.6880
        Fax 301.652.8972
        E-mail rgrant@fdalaw.com

    *Attorneys for Defendant*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Edward S. Irons, Esquire, 3945 52nd Street, N.W., Washington, D.C. 20016.

        /s/  Robert E. Grant
        Robert E. Grant

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC,

    *Plaintiff*,

v.

WILLIAM BRANDES,

    *Defendant*.

Civil Action No. 06-cv-904 JR

### *DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS AND FOR COSTS PURSUANT TO RULE 41(d)*

**I.    INTRODUCTION**

Defendant is married to Carin Irons Brandes ("Carin"). First Amended Complaint, ¶ 8 ("Compl., ___"). Carin is the daughter of Edward S. Irons, the Managing Member of plaintiff. Comp., ¶ 10. Defendant and Carin are in the process of divorcing. Compl., ¶ 9. The First Amended Complaint represents the third attempt by Mr. Irons, using the plaintiff limited liability company as a stalking horse, to interject himself into the divorce.

Mr. Irons first filed an action in this Court on February 21, 2006.[1] That action was also styled *Irons, LLC v. William Frederick Brandes* and was assigned to the Honorable Rosemary M. Collyer, under Civil Action Number 06-cv-297. After defendant moved, on March 21, 2006, to dismiss that action, plaintiff voluntarily dismissed it pursuant to Rule 41(a)(1) on March 28, 2006. After a brief respite, the instant action was filed on or about May 12, 2006, and plaintiff filed its First Amended

---

[1] In reviewing a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached as exhibits, and matters about which the Court may take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.*, 326 U.S. App. D.C. 67, 117 F. 3d 621, 624-25 (D.C. Cir. 1997). The Court may take judicial notice of matters such as court records without treating the motion as seeking summary judgment. *United States ex rel. New v. Rumsfeld*, 350 F.Supp. 2d 80, 88 (D.D.C. 2004) (citations omitted).

Complaint on November 3, 2006. Like its predecessors, the First Amended Complaint fails to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Motions to dismiss are disfavored and will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Tibbs v. Williams*, 263 F.Supp. 2d 39, 41 (D.D.C. 2003) (citations and internal quotation marks omitted). At this stage of the proceedings, the Court accepts as true all of the complaint's factual allegations, and the plaintiff is entitled to all reasonable inferences which may be drawn from those facts. *Id.* Still, where there are no allegations in the complaint which, if proven, would provide a basis for recovery, the movant is entitled to judgment as a matter of law. *Id*.

## III. ARGUMENT

Plaintiff divides its First Amended Complaint into five counts, but prays for relief in one, undifferentiated, "WHEREFORE" clause at the conclusion of the pleading. While the facts are different and the theories have been adjusted, the prayer for relief is virtually identical in all three versions of the complaint that plaintiff has filed. Plaintiff demands (1) a mandatory injunction compelling defendant to transfer his interest in Irons, LLC to it, or to Carin, or to defendant's daughter, Lauren Brandes ("Lauren"); (2) an injunction prohibiting defendant from transferring or encumbering his interest in Irons, LLC or "any other asset acquired in whole or in part by defendant from Edward Irons or Mary Irons"; (3) an injunction barring defendant from access to property at 8075 Lee Haven Road in Easton, Maryland ("Easton Property") (premises to which, plaintiff admits in paragraph 28 of the Complaint, defendant has legal title); (4) an injunction prohibiting defendant "from ever asserting any claim whatever" to the Easton Property and requiring him to deliver keys to the Easton Property to Mr. Irons;

(5) compensatory damages in the amount of $250,000; (6) punitive damages in an unspecified amount; (7) costs and attorney's fees; and (8) other unspecified relief.

Plaintiff's failure to link the aforementioned claims for relief to any of the facts variously alleged in the five counts makes it difficult to discern on what basis plaintiff contends it is entitled to any of the relief sought. An examination of the facts alleged makes clear, however, that they do not entitle plaintiff to any of the relief it seeks. In this case, as in *Tibbs*, *supra*, "[b]efore the true contours of the lawsuit can be examined, it is necessary to clear out some of the underbrush." 263 F.Supp. 2d at 41.

A.      Count 1

Plaintiff asserts in Count 1 that the assignments to defendant of an interest in the LLC were fraudulently procured, because defendant allegedly knew, at the time, that his marriage was unstable, but did not disclose that fact. When defendant moved to dismiss plaintiff's initial complaint (in Civil Action No. 06-cv-297), he argued that "[e]ven assuming (though plaintiff does not allege it) that defendant knew that his marriage's purported instability in 2002 would have been material to Edward Irons in making the allocations described in the Complaint, that knowledge furnishes no basis for awarding relief to Irons, LLC." Def's Stmt. of Pts. & Auth. in Support of Mot. to Dismiss, p.3 (Civil Action No. 06-cv-297, docket no. 3). While plaintiff at least now makes the allegation (Compl., 30), the First Amended Complaint still fails to state a claim by the LLC.

Plaintiff asserts that defendant knew his marriage was unstable long before he received any interest in the LLC. Compl., ¶ 30. Plaintiff further asserts that this alleged instability was a material fact that should have been disclosed to Irons, LLC and that defendant in essence defrauded the LLC by inducing it to assign an interest to him without disclosing his marriage's purported instability. *Id*. Plaintiff alleges that it "did, in fact, make the allocation and execute the Assignments to defendant William…as set forth in the Exhibit 3 and 4 Assignments." Compl., ¶ 30(vi). The trouble for plaintiff is

that Exhibits 3 and 4 make it clear beyond doubt that Irons, LLC did *not* assign any interest in itself to defendant. To the contrary, "Edward S. Irons, Trustee of the Edward S. Irons Amended and Restated Revocable Trust Agreement, dated December 16, 2002" and "Mary Lee Irons, Trustee of the Mary Lee Irons Amended and Restated Revocable Trust Agreement, dated December 16, 2002" made the assignment. Compl., Ex. 3, 4. Plaintiff's own exhibits therefore demonstrate that it—the LLC—did not assign any interest on any basis, fraudulent or otherwise. The LLC has no standing to advance claims that belong to Mr. and Mrs. Irons. If the assignors of defendant's interest in the LLC were defrauded, it is they who must bring the claim.

B.      Count 2

In Count 2, plaintiff claims that defendant has "willfully and purposefully violated Sections 15A and 15B of the [LLC's] Operating Agreement" by alienating his interest in the LLC in two ways: to finance litigation (supposedly "in collusion and conspiracy with" undersigned counsel) and by offering to assign all or part of his interest to Carin as part of the divorce settlement. Compl., ¶ 37. Given that plaintiff demands the entry of an "order that requires immediate transfer by defendant…to Carin Brandes, his wife, …the unencumbered entirety of [his] interest in Irons LLC" (Compl., pp.16-17), it is difficult to see how defendant's allegedly offering to transfer all or part of his interest in her could support any claim against him. The remedy for a breach of contract cannot be the very act that constitutes the breach. Furthermore, to the extent that Count 2 is the basis for the injunctive relief plaintiff requests, it lacks any allegation that the harm plaintiff has allegedly suffered or might suffer is irreparable, and cannot be remedied by an award of damages.

C.      Count 3

Plaintiff alleges that Edward and Mary Irons, his wife, provided defendant and Carin with "funds in excess of $400,000" to purchase a second home in Easton. Compl., ¶ 25. Plaintiff goes on to

4

describe the Irons' reasons for doing so and asserts that legal title to the property is "subject to an outstanding equity" interest of the Irons. Compl., ¶¶ 27-28. Accepting all that as true, as defendant must for purposes of this motion, there is nothing pled that would permit the Court to afford relief to Irons, LLC. Mr. Irons may well be the Managing Member of the LLC, but that does not give it standing to assert claims which, if they exist at all, belong to Mr. and Mrs. Irons. In fact, defendant and Carin purchased the Easton Property "sometime in 1996 or 1997" (Compl., ¶ 28), but Irons, LLC was not even organized until December of 2002 (Compl., ¶ 19). Defendant's supposed failure to disclose something in 1996 or 1997 cannot have harmed an entity that did not even come into existence until five years later. The fact that Mr. and Mrs. Irons executed a power of attorney in favor of the LLC does not change the analysis. The power of attorney purports to authorize the LLC to "conduct all business matters which now exist or may arise regarding [the Irons'] interest in the aforesaid Easton, Maryland property." Compl., Ex. 5. If a claim exists, however, it still belongs to Mr. and Mrs. Irons, not to Irons, LLC.

In Count 3, plaintiff adopts its earlier, general allegations and further asserts that defendant breached some duty of good faith and fair dealing. Specifically, plaintiff alleges that Mr. and Mrs. Irons understood, when they gave defendant and Carin money for the purchase of the Easton Property, that defendant would work with them "to procure additional parcels of property on the Maryland Eastern Shore," and that defendant, in fact, did so. Compl., ¶¶ 40-42. Then, in an allegation that does not quite follow, plaintiff alleges that "[t]he conduct of defendant William as alleged in this Count 3 has had and is now having the effect of destroying or injuring the rights of plaintiff Irons LLC and of The Irons to the agreements, purposes and expectations of The Irons as alleged herein and otherwise." Compl., ¶ 43.

As noted above, Irons, LLC has no standing to assert claims that attempt to vindicate "the agreements, purposes and expectations of The Irons," and has alleged nothing that would allow the

Court to infer that defendant owed it—the LLC—any duty at all in connection with the purchase of the Easton Property. Plaintiff has alleged no facts that would permit the trier of fact to conclude that it has any interest in the Easton Property whatsoever, or in the agreements, purposes or expectations of defendant and his in-laws prior to its purchase. Furthermore, Count 3 is fatally vague.

Even if Mr. and Mrs. Irons were named plaintiffs, the allegation that defendant's conduct in furthering their purported expectations has somehow harmed them is wholly conclusory (not to mention illogical). Even under the minimal requirements of notice pleading, Rule 8 requires that the complaint give the defendant fair notice of each claim and its basis. *Gore v. First Union Nat'l Bank,* 2002 U.S. Dist. LEXIS 14396 *11 (D.D.C. July 28, 2002). A vague and conclusory allegation that the defendant has engaged in unspecified "conduct" is not sufficient. *Id.*, *citing Muniz v. Chase Manhattan Mortg. Corp.*, 1998 U.S. Dist. LEXIS 1768 (S.D.N.Y. Feb. 18, 1998) (allegations that defendants "through a pattern of deceptive business practice [were] attempting to skim plaintiffs' equity in their homestead estate" were vague and conclusory, and failed to provide specific facts regarding defendants' alleged wrongdoing). Even if defendant owed duties of good faith and fair dealing to plaintiff and Mr. and Mrs. Irons, the failure to identify how defendant allegedly breached those duties requires dismissal. Finally, to the extent that Count 3 is the basis for any injunctive relief sought, plaintiff has, again, failed to plead facts that would permit the Court to conclude that any harm suffered would be irreparable.

D.     <u>Counts 4 and 5</u>

Counts 4 (Professional Misconduct) and 5 (Disqualification of Grant as Counsel for Defendant Brandes) can be dealt with summarily. Neither states any claim for relief against defendant. Instead, plainitff alleges that undersigned counsel "has engaged in conduct prejudicial to the administration of justice" by colluding and conspiring with defendant to alienate all or some part of defendant's interest in the plaintiff LLC (Compl., ¶¶ 46, 37), and that undersigned counsel has a "conflicting dual role as

counsel for defendant William not only in this case but also in the proceeding for divorce from his wife, Carin" that creates "an improper conflict of interest in violation of Rule of Professional Conduct 1.7" (Compl., ¶ 48). Even if those allegations were true, which they most assuredly are not,[2] neither supports any sort of claim against the defendant. Counts 4 and 5, and any allegations relating to undersigned counsel, should be stricken as immaterial, impertinent and scandalous, pursuant to Rule 12(f).[3]

E.      Request for Award of Costs, Including Attorney's Fees

Rule 41(d) permits the Court, where an action has previously been voluntarily dismissed, to require the plaintiff to pay defendant his costs associated with that action. The rule exists for precisely this situation: plaintiff voluntarily dismissed Civil Action No. 06-cv-297 to avoid an adjudication on the merits of defendant's motion to dismiss, and has now filed essentially the same claim. "Most courts that have considered the question determine that attorney's fees can be part of the contingency costs that must be paid if a new action is filed, particularly if those courts permit payment of attorney's fees to be a condition of dismissal without prejudice under Rule 41(a)." *Kyte v. College of Southern Maryland*, 2005 U.S. Dist. LEXIS 2516 at *4 (D.Md. 2005), *citing* Edward X. Clinton, Jr., *Does Rule 41(d) Authorize an Award of Attorney's Fees?*, 71 St. John's L. Rev. 81 (Winter, 1997). Attorney's fees are

---

[2] While defendant recognizes that, for purposes of this motion, plaintiff's allegations must be accepted as true, it must be noted that plaintiff is not even consistent in what it claims. On November 1, plaintiff filed a paper captioned "Supplement to Reply in Support of Plaintiff's Motion Under Fed.R.Civ.P. 4(d)" in which plaintiff's counsel dedicated three pages to pointing out that "there is no such divorce proceeding pending," and accusing undersigned counsel of violating Rule 11 for filing a paper suggesting there is. Supp. Repl., p.2 (emphasis in original). It is curious, then, that two days later Mr. Irons filed a pleading contending that defendant breached the LLC operating agreement by using his interest in the LLC "to finance litigation, including proceedings to divorce Carin."

[3] "Scandalous" for purposes of Rule 12(f) means improperly casting a derogatory light on someone, with respect to moral character. *Black's Law Dictionary*, 6th Ed., p.1344. Undersigned counsel respectfully submits that plaintiff's allegations regarding his conduct more than qualify.

commonly awarded by this Court as a condition for voluntary dismissal, to protect defendants from the prejudice or inconvenience that may result from a voluntary dismissal. *Independence Federal Savings Bank v. Bender*, 230 F.R.D. 11, 13-14 (D.D.C. 2005). Even where a plaintiff acts in good faith, attorney's fees should be awarded to the defendant. *Taragan v. Eli Lilly & Co., Inc.*, 267 U.S. App. D.C. 387, 838 F.2d 1337, 1340 (D.C. Cir. 1988), *citing GAF Corp. v. Transamerica Ins. Co.*, 214 U.S. App. D.C. 208, 665 F.2d 364 (D.C. Cir. 1981). The interests protected by Rule 41(d) are even more compelling where, as here, plaintiff has not acted in good faith, but has ginned up claims more properly adjudicated in a divorce, and repeatedly asserted claims on behalf of parties other than the real parties in interest. Defendant respectfully submits that the Court should award him his costs, including attorney's fees, of defending Civil Action No. 06-cv-297 and requests the opportunity, if the Court is inclined to grant such relief, to submit a bill of costs.

## **CONCLUSION**

Edward Irons has twice used Irons, LLC, and this Court, as a cudgel to try to influence negotiations between his daughter and the defendant. Irons, LLC has no claim against William Frederick Brandes for anything to do with the way defendant acquired his interest in the Easton Property or in the LLC, or any of his actions since. The First Amended Complaint, like its predecessors, simply fails to state any claim upon which relief can be granted, and should be dismissed. Defendant respectfully submits that since this is plaintiff's second attempt to litigate these matters, Civil Action No. 06-cv-297 having been voluntarily dismissed solely to avoid an involuntary dismissal, that the Court should dismiss this action with prejudice, and award defendant his costs and attorney's fees incurred in obtaining dismissal of the first action.

8

Respectfully submitted,

FUREY, DOOLAN & ABELL, LLP

By: /s/ Robert E. Grant
Robert E. Grant, Bar No. 458157
8401 Connecticut Avenue
Suite 1100
Chevy Chase, Maryland 20815-5803
Tel. 301.652.6880
Fax 301.652.8972
E-mail rgrant@fdalaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Edward S. Irons, Esquire, 3945 52nd Street, N.W., Washington, D.C. 20016.

/s/ Robert E. Grant
Robert E. Grant