```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                         :
                                   :
            Plaintiff              :
                                   :
       v.                          :   Civil Action No.
                                   :   1:06CV00904JR
WILLIAM FREDERICK BRANDES          :
                                   :
            Defendant              :
```

### PLAINTIFF'S MOTION TO DISQUALIFY

Plaintiff, Irons LLC, a Virginia Limited Liability Corporation, moves for the entry of an order pursuant to Rule of Professional Conduct ("RPC") 1.7 that disqualifies related non-party entity Robert E. Grant and his firm, Furey, Doolan & Abell, as counsel for defendant Brandes in this case.

This Motion to Disqualify is based on the "[Proposed] Findings of Fact" (Attachment A).  The Court's attention is particularly invited to the statement of Mr. Grant, defendant's counsel, at the November 8, 2006 Scheduling Conference which is quoted at footnote 1 to proposed finding 3:

> MR. GRANT:  I'll do my best, Your Honor.  I should call the Court's attention to a first amended complaint that was filed on Friday.  That complaint alleges, among other things, that I am representing Mr. Brandes in his divorce case, which is not true.  He's represented by another member of my firm.  [Tr. 11, ll. 21-25]

Consequently, this Motion requests an order under RPC 1.7 that absolutely precludes not only Mr. Grant but also his "firm" and each lawyer which is associated with his "firm" from, directly or indirectly, representing defendant Brandes as counsel in this case.

## LEGAL STANDARD

The Annotated Model RPC 1.7(a) entitled "Conflict of Interest: Current Clients" states:

> (a)  Except as provided in paragraph (b),[1] a lawyer shall not represent a client if the representation involves a concurrent conflict of interest....

## FIRST AMENDED COMPLAINT, COUNT 5

First Amended Complaint Count 5 states:

### COUNT 5
### CONFLICT OF INTEREST - DISQUALIFICATION
### OF GRANT AS COUNSEL FOR DEFENDANT BRANDES

> 47.  Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.
>
> 48.  Related Non-Party Entity Grant's [and his firm's] conflicting dual role as counsel for defendant William not only in this case but also in the proceeding for divorce from his wife, Carin, involves an improper conflict of interest in violation of Rule of Professional Conduct 1.7.

---

[1]  Plaintiff contends that paragraph (b)(1) is inapplicable because, in this case, it could not be satisfied.

      49.  As counsel for defendant William, Related Non-Party Entity Grant [<u>and his firm</u>] has a duty to his client defendant William and to the Court to respond timely and honestly to the Complaint in this action.

      50.  To do so as counsel for defendant William, Related Non-Party Entity Grant [<u>and his firm</u>] must file and sign a response to the Complaint that includes allegations inconsistent with the position defendant William must assert in the divorce proceeding.[2]

      51.  Related Non-Party Entity Grant [<u>and his firm</u>] has evaded this conflict of interest by aiding and abetting the acts of defendant William in violation of Fed.R.Civ.P. 4(d).

      52.  Due to the conflict of interest as alleged in paragraph 51 hereof, this Court has the power and the responsibility to disqualify Related Non-Party Entity Grant [<u>and his firm</u>] to represent defendant William in this action.

      53.  If Related Non-Party Entity Grant does not voluntarily withdraw, a proper motion to disqualify will be filed.  [pp. 15-16]

At the Scheduling Conference held on November 8, 2006, <u>Mr. Grant did not withdraw</u>.  Instead, he represented defendant at that hearing and continues as the <u>only</u> counsel presently of record for defendant.  Accordingly, this Motion to Disqualify is filed as promised by the First Amended Complaint, paragraph 53.

    The First Amended Complaint was filed November 3, 2006.  Mr. Grant also agreed, at the November 8, 2006 hearing, to file a response to the First Amended Complaint.

---

    [2]  In fact, Mr. Grant did so at the November 8, 2006 hearing.

At the November 8, 2006 Scheduling Conference, Mr. Grant stated and the Court responded:

> MR. GRANT:  My client, through his divorce counsel, and Karen [sic-Carin] Brandes, through her divorce counsel, are in the process of trying to resolve all these issues as a matter of the divorce case.  That negotiation, as I understand it – I haven't been participating, but I've certainly been kept up to date.  That negotiation has been everything that this proceeding has not been.
>
> And my only request would be that if the Court refers this matter to mediation, that it not be referred until after the divorce negotiations are complete, because I believe that those negotiations will really <u>resolve all the issues before the Court</u>.  And if there are any issues outstanding at that point, they really will be between Mr. Irons and his daughter, not between him and my client.
>
> THE COURT:  Well, that's a fair point.  What about that, Mr. Irons?  He says basically you're jumping into the middle of ongoing negotiation in a divorce, and bug out until they're finished. [Tr. 21, l. 12 to Tr. 22, l. 4]

Plaintiff responds to this citation from the hearing transcript as follows:

(1)  The dispositive "issue[] before <u>this</u> Court" in <u>this</u> case is whether defendant Brandes <u>actually</u> <u>owns</u> the interest he claims in the plaintiff corporation.

Defendant Brandes simply <u>cannot</u>, in good faith, "negotiat[e]" <u>that</u> ownership "issue" in his <u>divorce</u> case <u>until</u> and <u>unless</u> that ownership issue is first <u>decided</u> in his favor in <u>this case</u>.  Simply put, defendant's mere claim to ownership of an

interest in the corporate plaintiff <u>cannot</u> be an <u>asset</u> upon which he can rely to procure a favorable divorce ruling.[3]

(2)  The fact is that Mr. Grant's argument simply is <u>not</u> the "<u>fair point</u>" that the Court said it was.  Specifically, it is <u>not</u> a "fair point" because the issue of whether defendant owns an interest in the plaintiff corporation (an issue that is defined by the pleadings <u>in this case</u>) can be resolved <u>only</u> by a decision of <u>this</u> Court <u>or</u> by agreement between the corporate plaintiff and defendant Brandes.

The Court's "fair point" response to Mr. Grant's argument exposes Mr. Grant's representation to be the false statement that it really is.

The <u>plaintiff LLC</u> did <u>not</u> "jump[] into the middle of ongoing negotiation in a divorce" (Tr. 22, ll. 2-3).  The fact is that the plaintiff corporation did <u>not</u> know that there was any "ongoing negotiation in a divorce" at the time the complaint was filed on <u>May 12, 2006</u>.  Defendant's counsel Grant <u>personally</u> injected the "divorce" matter into this case by his Opposition to plaintiff's Rule 4(d) Motion, which Opposition he signed and filed on <u>October 10</u>, 2006.  Mr. Grant's improper purpose, on

---

[3]  Indeed, the Court in the alleged "divorce case" cannot enter a proper decree until and unless it is <u>fully</u> informed as to <u>this</u> case.

LLCv.brandes - mtndisq 11-22-06

-5-

behalf of his client, was to procure a <u>de facto</u> "transfer" of this <u>Federal</u> case to some unidentified state or D.C. divorce tribunal which lacks jurisdiction to consider it.

Because the alleged "divorce negotiations" involve the disposition of the <u>same</u> assets of plaintiff corporation which defendant Brandes says he owns—assets which the complaint in this case alleges were procured fraudulently by the defendant Brandes—Mr. Grant and his firm, which represents defendant Brandes in his divorce case, are barred by RPC 1.7 from simultaneously acting as counsel for defendant in this case and in the divorce case.

For these reasons, the plaintiff corporation will not "bug out", but will continue to press its claim against defendant in this Federal Court.

The First Amended Complaint alleges:

>    30.  In support of this Count 1, plaintiff specifically alleges as follows:
>                             ***
>    (ii)    Beginning long before and continuing until and after the time of the December 2002 meeting alleged in paragraph 22 hereof and the execution on March 13, 2003 of the Assignments which are Exhibits 3 and 4 hereof, defendant William knew that <u>his marriage to Carin was unstable</u>.[4]

---

[4] The instability of the marriage is conclusively evidenced by the fact that a "divorce" is in progress.

LLCv.brandes - mtndisq 11-22-06

-6-

    (iii)    The <u>instability</u> of the Irons-Brandes marriage was a known, material, existing fact that in equity or good conscience should have been disclosed to plaintiff Irons LLC at or before each of the December 2002 meeting and defendant William's execution of the Exhibits 3 and 4 Assignments on March 13, 2003.  [Emphasis added.]

Notwithstanding the divorce proceeding, at the November 8, 2006 hearing, defendant's counsel Mr. Grant denied these "marriage" "instability" allegations:

> [MR. GRANT]  The essence of the complaint, as I understand it, is that Mr. Brandes knew when the family created this L.L.C. and transferred property interests to it, that Mr. Brandes <u>knew that his marriage was unstable</u>, and he fraudulently concealed that fact from Mr. Irons, and that Mr. Irons relied on, I guess, an implied representation that the marriage was stable in allocating property interests to the L.L.C. and in allocating L.L.C. interests to, among other people, Mr. Brandes, the defendant.
>
> Our position is that <u>none of that is true</u>....  [Tr. 12, ll. 9-18; emphasis added.]

The key point here is that Mr. Grant and his firm cannot be heard to tell the divorce tribunal that the marriage is so unstable that it must be terminated, and, at the same time, tell this Court the <u>opposite</u>, namely that the complaint's allegation that defendant's "marriage was unstable" is not "true".

The plaintiff has concurrently served a "First Set of Interrogatories"; the verified answers to which may show where the truth lies.

## CONCLUSION

The conflict of interest is a matter of record. Mr. Grant and his firm are disqualified as a matter of law as counsel for defendant Brandes in this case.

A proposed Order is attached.

```
                              /s/_____
                              Edward S. Irons
                              D.C. Bar No. 149898
                              Edward S. Irons, P.C.
                              3945 - 52nd Street, N. W.
                              Washington, D. C. 20016
                              (202)  362-5332 - voice
                              (202)  966-1338 - fax
                              Tingent@aol.com - email
                              Attorney for Plaintiff
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of November 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon, Robert E. Grant, attorney for defendant, Furey, Doolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

```
                              /s/_____
                              Edward S. Irons
```

# ATTACHMENT A

### [PROPOSED] FINDINGS OF FACT

1.  This case is pending before the Court on the First Amended Complaint ("Complaint").

2.  Defendant, through counsel (Grant), accepted service of the Complaint at the November 8, 2006 Scheduling Conference.

3.  The Complaint alleges:

> 3.  This Court has jurisdiction of this case under 28 U.S.C. §1332.
>
> 4.  There is complete diversity of citizenship as between the plaintiff and the defendants.
>
> 5.  The amount in controversy is in excess of $75,000, excluding interest and costs.

### II.  THE PARTIES

> 6.  Plaintiff, Irons LLC, is a Limited Liability Corporation organized under the laws of the Commonwealth of Virginia having a registered agent at 707 Prince Street, Alexandria, Virginia 22314.
>
> 7.  Defendant, William Frederick Brandes ("William"), is an individual who resides at 8075 Lee Haven Road, Easton, Maryland 21601 and at 4201 Cathedral Avenue, N.W., Apartment 416, Washington, D.C. 20016.
>
> 8.  William is the husband of Carin Irons Brandes ("Carin").

    9.   Defendant William is in the process of divorcing his wife Carin.  Related Non-Party Entity Grant represents defendant William in the divorce proceeding.[1]

    10.  Carin is the daughter of Edward S. Irons ("Edward"), the Managing Member of plaintiff Irons LLC, and Mary L. Irons ("Mary").

    11.  Lauren Elizabeth Brandes ("Lauren") is the daughter of William and Carin.

***

    21.  Under the Irons LLC Operating Agreement (Exhibit 2), effective December 16, 2002, Edward is designated as, and at all relevant times has been and is now, the Managing Member of Irons LLC.

    4.   Exhibit 1 to the Complaint includes a copy of the State Corporation Commission's Certificate of Organization of Irons LLC "Effective date: December 3, 2002".

    5.   The Irons LLC Operating Agreement (Complaint Exhibit 2) states:

---

[1] At the November 8, 2006 Scheduling Conference, Grant stated:

> MR. GRANT:  I'll do my best, Your Honor.  I should call the Court's attention to a first amended complaint that was filed on Friday.  That complaint alleges, among other things, that I am representing Mr. Brandes in his divorce case, which is not true.  He's represented by another member of my firm.  [Tr. 11, ll. 21-25]

There is no formal proceeding; the fact is that William and Carin Brandes are merely negotiating terms of a prospective divorce.  The November 8, 2006 transcript states:

> MR. GRANT:  My client, through his divorce counsel, and Karen [sic-Carin] Brandes, through her divorce counsel, are in the process of trying to resolve all these issues as a matter of the divorce case....  [Tr. 21; ll. 12-15]

A-2

```
                    SECTION 8
         MANAGEMENT OF THE COMPANY'S BUSINESS
```

    A.  Edward S. Irons shall be the initial managing member and shall conduct the day-to-day business affairs of the Company to the extent such affairs shall need to be managed.

    B.  The managing member's powers shall include, but not be limited to, the following:

    (1)  Entering into, making and performing contracts, agreements and other undertakings binding the Company that may be necessary, appropriate and advisable in furtherance of the purposes of the Company.

    (2)  Opening and maintaining bank accounts, investment accounts and other arrangements, drawing checks and other orders for the payment of money, and designating individuals with authority to sign or give instructions with respect to those accounts and arrangements.  Company funds shall not be commingled with funds from other sources and shall be used solely for the business of the Company.

    (3)  Collecting funds due to the Company.

    (4)  Acquiring, utilizing for the Company's purposes, maintaining and disposing of any assets of the Company.[2]  [pp. 6-7]

6.  The Complaint is signed by Edward S. Irons, Attorney for Plaintiff.

7.  The Complaint's jurisdictional allegations are deemed correct for the purpose of this matter.

8.  Defendant's "Opposition to Plaintiff's Motion Under Fed.R.Civ.P. 4(d)" states in part:

---

[2] Plaintiff Irons LLC's claim as set forth in the First Amended Complaint is a "Company...asset".

    III.   <u>CONCLUSION</u>
...The instant civil action, like its predecessor, merely attempts to litigate in this forum matters best reserved to defendant's divorce case.... [p. 5]

    9.   The "Supplement to Reply in Support of Plaintiff's Motion Under Fed.R.Civ.P. 4(d)" states:

> This "Supplement" is filed to inform the Court of facts first learned by plaintiff's counsel at about 1:20 p.m., October 31, 2006. The fact is that defendant, through counsel, has apparently breached Local Civil Rule 11 which states:
>
>                       ***
>
> Robert E. Grant, Bar No. 458157, signed and filed "Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion Under Fed.R.Civ.P. 4(d)" on October 10, 2006. In that document, Mr. Grant states: "Defendant and Carin [his wife] are in the process of divorcing" (Opp. 1).
>
> The "Conclusion" of Mr. Grant's Opposition argues that: <u>"The instant civil action, like its predecessor, merely attempts to litigate in this forum matters best reserved for defendant's divorce case"</u> (Opp. 5). [Emphasis added]
>
> Plaintiff's "Reply", after quoting the foregoing passage from Mr. Grant's Opposition, reads: "What divorce case? There is <u>no record</u> in <u>this case</u> of defendant's alleged divorce case" (Reply 7; emphasis in original).
>
> Plaintiff's challenge to the integrity of the Opposition is well founded. Plaintiff's counsel requested an investigation to determine if there is any "divorce case". The investigation determined that <u>there is no such divorce proceeding pending in the District of Columbia Superior Court</u>.

The report of the investigation,³ faxed to Mr. Irons on October 31, 2006, states:

> As per your order you made through Vickie Cummings, I went to conduct the search at DC Superior Court. Unfortunately, there were no results on your search for this divorce proceeding [re: Brandes v. Brandes]....
>
> If there is no "divorce case", then under LCvR 11 "the Court....shall impose...an appropriate sanction". In this case, such a "sanction" would at least include an order that grants plaintiff's Rule 4(d) Motion with an award of attorney's fees, including those incurred by a submission of this "Supplement".

10. Because defendant has never disputed the facts set forth in plaintiff's contention that there is no "divorce case" as set forth in the Supplement to the Reply in Support of Plaintiff's Rule 4(d) Motion, the <u>fact</u> that there is no "divorce case" is conceded.⁴

---

³ This investigation was conducted by Westlaw CourtExpress. See Exhibit A hereto.

⁴ As noted above, at the November 8, 2006 hearing, Mr. Grant apparently admitted that there is no such "proceeding".

A-5



1180 13TH STREET, NW
SUITE 500
WASHINGTON, DC 20005
(800) 542-3326
HTTP://COURTEXPRESS.WESTLAW.COM

| FACSIMILE TRANSMITTAL SHEET | |
|---|---|
| TO: Edward Irons, Esq. | FROM: Justin Miller |
| COMPANY: Law Offices of Edward S. Irons | DATE: 10/31/2006 |
| FAX NUMBER: (202) 966-1338 | TOTAL NO. OF PAGES INCLUDING COVER: 1 |
| PHONE NUMBER: (843) 838-7800 | WESTLAW COURTEXPRESS DELIVERY NUMBER: 519773 |
| RE: Brandes v. Brandes in DC Superior Court | YOUR INTERNAL BILLING/CASE NUMBER: |

Dear Mr. Irons,

As per the order you made through Vickie Cummings, I went to conduct the search at DC Superior Court. Unfortunately, there were no results on your search for this divorce proceeding. If you need any further information, it would be my pleasure to obtain it for you in this matter. If not, I wish you a pleasant afternoon and evening. Happy Halloween.

Justin Miller
Westlaw CourtExpress
Main: 877-362-7387
Direct: 202-473-2190
justin.miller@thomson.com

EXHIBIT A

```
           UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF COLUMBIA
```

IRONS LLC                            :
                                     :
          Plaintiff                  :
                                     :
     v.                              :   Civil Action No.
                                     :   1:06CV00904JR
WILLIAM FREDERICK BRANDES             :
                                     :
          Defendant                  :

### [PROPOSED] ORDER

Plaintiff Irons LLC, having moved through counsel to disqualify Robert E. Grant and his firm, Furey, Doolan & Abell, as counsel for defendant William Frederick Brandes in this case; and

The Court having considered the plaintiff's Motion to Disqualify and the submissions of the parties with respect thereto, and being otherwise fully informed,

IT IS HEREBY ORDERED, this _____ day of _____, 2006, that Robert E. Grant and the firm of Furey, Doolan & Abell are, upon receipt of this Order, precluded from representing William Frederick Brandes in any capacity whatever in this case and in any matter related to this case.

_____