**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IRONS, LLC** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **1:06CV00904JR** |
| **WILLIAM FREDERICK BRANDES** | : | |
| | : | |
| **Defendant** | : | |

**PLAINTIFF'S POINTS AND AUTHORITIES**
**IN OPPOSITION TO**
**"DEFENDANT'S MOTION TO DISMISS AND**
**FOR COSTS PURSUANT TO RULE 41(d)"**

**The Defendant's Motion unfairly combines Rule 12(b)(6) with Rule 41(d). Defendant's Points and Authorities in support of its Motion address both these Rule 12(b)(6) and 41(d) issues in a single document which is premised, in part, on violation of the Rules of Professional Conduct as to each of the two motions. One purpose of this confusing Motion may be to convince the Court that if the Complaint does state a claim under Rule 12(b)(6), it must nevertheless be denied "with prejudice" and with an "award [of] attorney's fees and costs pursuant to Rule 41(d)" (Motion 1).**

**This Opposition to the defendant's Motion shows, first, that the Rule 12(b)(6) Motion must surely be denied because the Complaint does state a claim, and, second, shows that the**

**defendant's Motion under Rule 41(d) fails, not only on the merits, but also because (like to Rule 12(b)(6) motion per se) it violates various Rules of Professional Conduct.**

## LEGAL STANDARD

**Per Moore's Federal Practice 3d §12.34[1][a] and [b]:**

> **Under Rule 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated. To prevail, the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." [Conley v. Gibson, 355 U.S. 41, 45-46 (1957)]....**
>
> *******
>
> **For Rule 12(b)(6) purposes, the court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor. The court should construe a plaintiff's allegations liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading. [pp. 12-58.1 to 12-60; footnotes omitted; emphasis added.]**

**Defendant has failed to discharge the "burden of pro[of]", Moore's, supra, imposed upon him by Rule 12(b)(6).**

**Actually, the defendant's Motion is dilatory, violates Rules of Professional Conduct ("RPC") 4.1 and 8.4, and is otherwise without merit.**

## I. THE RULE 12(b)(6) MOTION IS DILATORY

**The Summons in this case issued May 12, 2006. The defendant, in collusion with his counsel, improperly evaded service for almost six months. The transcript of the November 8, 2006 hearing states:**

     **THE COURT: Is your client trying to avoid service?**

**MR. GRANT: Certainly not.... [Tr. 6, ll. 10-11]**

*******

**[MR. IRONS:] I want to come down on what to me is a more fundamental point. I feel that the delays which have been occasioned in this case have resulted, and perhaps intentionally, <u>to make it unnecessary for the defendant to respond to the complaint</u>. In my proposed scheduling order, I have set November 24th for a date for the response to the amended complaint, and I strongly urge that that's an appropriate date.**

**THE COURT: All right. Look, both sides have gathered a lot of pawns around the wrong square on this chess board. This is a waste of lawyer time and energy and effort and motion practice. If you say, Mr. Grant, that your client is not avoiding service of process, then why can't you either accept service for him now or let Mr. Irons know where he is so he can be served and we can get on with this?**

**MR. GRANT: Your Honor, absolutely I'll accept service on behalf of him now. The reason that we went ahead and filed a response to the 4(D) motion was hopefully to cut through some of this.**

**THE COURT: Let the record reflect that the defendant has accepted process through his counsel here in court as of today.**

**MR. IRONS: Thank you.**

**THE COURT: Okay. Now we've got that done. <u>Now, you have, what, 20 days to answer</u>?**

**MR. GRANT: Yes, Your Honor. And I'll file a response. <u>It may be a Rule 12 motion rather than an answer,</u> but I'll respond within 20 days.**

**THE COURT: All right. Now, he wants a response by the 24th. Can you manage that?**

**MR. GRANT: I would prefer to have the 20 days, Your Honor, if the Court - -**

**THE COURT: I know. But you've had a lot more than 20 already.**

**MR. GRANT: I'll file it by the 24th, then.**

**THE COURT: The 24th it is. Are you satisfied now?**

**MR. IRONS: Yes, Your Honor. [Tr. 8, l. 10-Tr. 9, l. 20; emphasis added.]**

**Of course, the Rule 12(b)(6) Motion to Dismiss is the "response rather than an answer" [Tr. 9, l. 10] that Mr. Grant said he would file on November 24, 2006. <u>In fact</u>, the Rule 12(b)(6) Motion <u>purposefully perpetuates</u> defendant's ongoing scheme to avoid filing a proper <u>Answer</u> to the Complaint's allegations. Because the Rule 12(b)(6) Motion was filed for that improper delay purpose, it should be summarily denied, and defendant should be ordered to file <u>forthwith</u> a proper <u>Answer</u> which specifically responds on the merits to each of the Complaint's "true" allegations. See <u>Moore's</u>, <u>supra</u>.**

**II. <u>THE RULE 12(b)(6) MOTION IS DEVOID OF MERIT</u>**

**To insure that the defendant's Motion is decided on the basis of what the Complaint <u>actually says</u>——but <u>not</u> on defendant's lawyer arguments——Attachment A is a copy of only <u>Count 1</u> of the First Amended Complaint <u>underlined</u> for emphasis and with a footnote added of some of the allegations which mandate denial of the Rule 12(b)(6) Motion.**

**According to the defendant's Points and Authorities:**

**A. <u>Count 1</u>**

**Plaintiff asserts in Count 1 that the assignments to defendant of an interest in the LLC were fraudulently procured, because defendant allegedly knew, at the time, that his marriage was unstable, but did not disclose that fact. When defendant moved to dismiss plaintiff's initial complaint (in Civil Action No. 06-cv-297), he argued that "[e]ven assuming (though plaintiff does not allege it) that defendant knew that his marriage's purported instability in 2002 would have been material to Edward Irons in making the allocations described in the Complaint, that knowledge furnishes no basis for awarding relief to Irons, LLC." Def's Stmt. of Pts. & Auth. in Support of Mot. to Dismiss, p. 3 (Civil Action No. 06-cv-297, docket no. 3). While plaintiff at least now makes the allegation (Compl., 30), the First Amended Complaint still <u>fails to state a claim by the LLC</u>.**

**Plaintiff asserts that defendant knew his marriage was unstable long before he received any interest in the LLC. Compl. ¶30. Plaintiff further asserts that this alleged instability was a material fact that should have been disclosed to Irons, LLC and that defendant in essence defrauded the LLC by inducing it to assign an interest to him without disclosing his marriage's purported instability. *Id.* Plaintiff alleges that it "did, in fact, make the allocation and execute the Assignments to defendant William...as set forth in the Exhibit 3 and 4 Assignments." Compl. ¶30(vi). <u>The trouble for plaintiff is that Exhibits 3 and 4 make it clear beyond doubt that Irons, LLC did *not* assign any interest in itself to defendant</u>. To the contrary, "Edward S. Irons, Trustee of the Edward S. Irons Amended and Restated Revocable Trust Agreement, dated December 16, 2002" and "Mary Lee Irons, Trustee of the Mary Lee Irons Amended and Restated Revocable Trust Agreement, dated December 16, 2002" made the assignment. Compl., Ex. 3, 4. <u>Plaintiff's own exhibits therefore demonstrate that it——the LLC——did not assign any interest on any basis,</u>**

> **fraudulent or otherwise. The LLC has no standing[1] to advance claims that belong to Mr. and Mrs. Irons. If the assignors of defendant's interest in the LLC were defrauded, it is they who must bring the claim. [P&A 3-4; emphasis added.]**

**The facts are otherwise as shown by the emphasized text of Count 1 and the footnote in Attachment A.**

**As to Count 1, the Points and Authorities allege that the LLC is not a real party in interest:**

> **...Plaintiff's own exhibits therefore demonstrate that it——the LLC——did not assign any interest on any basis, fraudulent or otherwise. The LLC has no standing to advance claims that belong to Mr. and Mrs. Irons. If the assignors of defendant's interest in the LLC were defrauded, it is they who must bring the claim. [P&A 4]**

**The Points and Authorities make the same invalid "real party in interest" argument as to Count 3:**

> **...Accepting all that as true, as defendant must for purposes of this motion, there is nothing pled that would permit the Court to afford relief to Irons, LLC. Mr. Irons may well be the Managing Member of the LLC, but that does not give it standing to assert claims which, if they exist at all, belong to Mr. and Mrs. Irons.... [P&A 5; emphasis added.]**

**However, the defendant's Points and Authorities admit "[t]he fact that Mr. and Mrs. Irons executed a power of attorney**

---

**[1] The Complaint, on its face, alleges each and all of the three elements necessary to vest Article III standing in plaintiff Irons LLC. See Northeastern Florida Chapter of Assoc. Gen. Contractors v. City of Jacksonville, 508 U.S. 656, 663-64 (1993).**

[Complaint, Exhibit 5] in favor of the LLC" (P&A 5; emphasis added). It states:

POWER OF ATTORNEY

WHEREAS, Edward S. Irons and Mary L. Irons ("the Irons") own some 35% of Irons LLC, a Virginia limited liability corporation; and

WHEREAS, the Irons also own an interest in that certain property located at 8075 Lee Haven Road, Easton, Maryland; and

WHEREAS, it is the intention of the Irons that Irons LLC should be responsible to conduct all business matters which now exist or may arise regarding their interest in the aforesaid Easton, Maryland property; and

WHEREAS, Irons LLC agrees to accept said responsibility.

THEREFORE, the Irons hereby constitute and appoint Irons LLC as the Irons true and lawful attorney in the Irons name, place and stead to conduct all business matters of any kind whatever pertaining to, relating to or involving their aforesaid interest in the said Easton, Maryland property.

| | |
|---|---|
| March 30, 2006<br>Date | /s/ Edward S. Irons<br>Edward S. Irons |
| March 30, 2006<br>Date | /s/ Mary L. Irons<br>Mary L. Irons |

Irons LLC hereby accepts and agrees to conduct exclusively all business matters regarding the interest of the Irons in the said Easton, Maryland property.

| | |
|---|---|
| March 30, 2006<br>Date | IRONS LLC<br><br>/s/ Edward S. Irons<br>Edward S. Irons,<br>Managing Member |

[Emphasis added.]

## III. MOTION TO DISMISS VIOLATES RULES OF PROFESSIONAL CONDUCT

**Because Count 1 does state a claim and because the plaintiff LLC has Article III standing, the Rule 12(b)(6) Motion must be denied. It is unnecessary to address defendant's arguments regarding Counts 2 to 5. In any event, these Counts, particularly when considered in the context of the entire Complaint, state a LLC claim.**

**The Defendant's Points and Authorities (filed on November 22, 2006, *i.e.*, after the November 8, 2006 Scheduling Conference) violate RPC 1.4 by asserting:**

> **I. INTRODUCTION**
> **Defendant is married to Carin Irons Brandes ("Carin"). First Amended Complaint, ¶8 ("Compl., ___"). Carin is the daughter of Edward S. Irons, the Managing Member of plaintiff. Comp., ¶10. Defendant and Carin are in the process of divorcing.[2] Compl., ¶9. The First Amended Complaint represents the third attempt by Mr. Irons, using the plaintiff limited liability company as a stalking horse, to interject himself into the divorce. [P&A 1]**

**As intended, this argument, *i.e.*, that "Mr. Irons [attempted] to interject himself into the divorce" (P&A 1) is false. But this false argument has improperly influenced the proceedings in this case since Mr. Grant filed defendant's**

---

**[2] This representation is insidious. The fact set forth in the underlined text is virtually a direct quotation from defendant's Opposition to plaintiff's Rule 4(d) Motion by which defendant's counsel——not Mr. Irons——injected the divorce issue into this case.**

**Opposition to plaintiff's Rule 4(d) Motion which, for the first time, refers to the divorce case.**

**The scheme of Mr. Grant and defendant is to procure by this misrepresentation an improper ruling which not only insulates the defendant from any liability to the plaintiff LLC on the Complaint as filed, but also attempts to do so on the spurious premise that this case can be de facto transferred to a local court without jurisdiction to consider it. RPC 3 condemns the use of the Court to promote any such scheme.**

**A consequence of this violation of RPC 3 is that the Court has been influenced by defendant's scheme. As evidence of that fact, the plaintiff relies on and incorporates herein by reference "Plaintiff's Motion for Recusal" filed November 24, 2006.**

**Indeed, defendant's counsel should not be heard at all. See the "Plaintiff's Motion to Disqualify" filed November 24, 2006, which is also incorporated herein by reference.**

**As noted above, the defendant's Points and Authorities violate at least RPC 4.1 and 8.4.**

**RPC 4.1 and its "Comment" state:**

**Rule 4.1**
***Truthfulness in Statements to Others***

**In the course of representing a client a lawyer shall not knowingly:**

**(a) make a false statement of material fact or law to a third person; or**

**(b) fail to disclose a material fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.**

**COMMENT**
***Misrepresentation***
**[1] A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements. For dishonest conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client, see Rule 8.4. [Emphasis added.]**

**RPC 8.4, "*Misconduct*", states:**

**It is professional misconduct for a lawyer to:**

**(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;**

**To make the above-quoted representation that "Plaintiff's own exhibits therefore demonstrate that it——the LLC——did not assign any interest on any basis, fraudulent or otherwise" (P&A 4; emphasis added), defendant's counsel omits from his quotation from Complaint Exhibits 3 and 4 a key LLC "CONSENT" provision. Actually, the partial quotations from Complaint Exhibits 3 and 4 in defendant's Points and Authorities are**

**improper "partially true but misleading statements or omissions" that are the equivalent of "affirmative false statements" and, as such, violate RPC 4.1.**

**To be specific, the defendant's Points and Authorities omit key text from the second pages of each of Exhibits 3 and 4 in the purported quotations from those exhibits. The second page of Exhibit 3 states:**

> **I HEREBY ACCEPT the above Assignment of Company Interest and agree to abide by the terms of the Operating Agreement of Irons LLC.**
>
> **WITNESS:**
> **/s/ Carin Brandes** **/s/ William F. Brandes**
> **William F. Brandes**
> **Date: 03-13-03**
>
> **I HEREBY CONSENT to the above Assignment of Company Interest.**
>
> **WITNESS:**
> **/s/ Patience Alexander** **/s/ Edward S. Irons**
> **Edward S. Irons,**
> **Managing Member**
>
> **[Emphasis added.]**

**The second page of Exhibit 4 is the same as the second page of Exhibit 3 except for the differences in signatures. It specifically states:**

> **I HEREBY ACCEPT the above Assignment of Company Interest and agree to abide by the terms of the Operating Agreement of Irons LLC.**
> **WITNESS:**
> **/s/ Carin Brandes** **/s/ William F. Brandes**
> **William F. Brandes**

**Date: 03-13-03**

**I HEREBY CONSENT to the above Assignment of Company Interest.**

**WITNESS:**
**/s/ Patience Alexander**

**/s/ Edward S. Irons**
**Edward S. Irons,**
**Managing Member**

**Under the Operating Agreement (Complaint Exhibit 2), these Complaint Exhibits 3 and 4 would have accomplished no assignment but for the vitalizing "CONSENT" of LLC's Managing Member Edward S. Irons.**

**Because RPC 4.1 is violated by defendant's counsel who signed the Points and Authorities, as has been demonstrated herein, such counsel has concurrently violated RPC 8.4 quoted supra, p. 10.**

**The Rule 12(b)(6) Motion must be dismissed.**

## IV. THE RULE 41(d) MOTION

**According to Rule 41(d):**

> **Rule 41. Dismissal of Actions**
>
> ****
>
> **(d) COSTS OF PREVIOUSLY-DISMISSED ACTION. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order. [Emphasis added.]**

**However, defendant's Points and Authorities admit that pursuant to the First Amended Complaint, "the facts are different and the theories have been adjusted" (P&A 2), *i.e.*, that the complaint does not "include[] the same claim", Rule 41(d) (emphasis added), as any of the alleged "three versions of the complaint that plaintiff has filed" (P&A 2).**

**The defendant's Rule 41(d) Motion must be dismissed on the face of the defendant's admission that such rule simply is inapplicable here.**

**The defendant's Rule 12(b)(6) Motion is perfidious. In essence, it seemingly argues that the Complaint should be dismissed because it is "essentially the same claim", Rule 41(d), as that set forth in Civil Action 06-CV-297 which was allegedly "dismissed without prejudice" "to avoid an adjudication on the merits" (P&A 7) and "solely to avoid an involuntary dismissal" (P&A 8; emphasis added). The defendant's argument seems to be that because the Amended Complaint is for "essentially the same claim" (P&A 7; emphasis added) and because plaintiff's "voluntary dismissal" allegedly was "solely to avoid an involuntary dismissal" (P&A 8), plaintiff has somehow admitted that the Amended Complaint must be dismissed. Because the First Amended Complaint is not for the same claim as the dismissed complaint, the defendant's argument is another violation of RPC 4.1 and 8.4.**

**Indeed, plaintiff is entitled under Rule 12(b)(6) to a "reasonable inference" that his Rule 41(a) voluntary dismissal, "without prejudice", of Civil Action 06-CV-297 was in good faith, and certainly not "solely to avoid an involuntary dismissal" (P&A 8; emphasis added).**

## CONCLUSION

**The defendant's confused Rule 12(b)(6) and Rule 41(d) Motion is without any merit as evidenced by the record in this case. That is why each of these motions is purportedly supported by lawyer arguments in violation of RPC 4.1 and 8.4. Plaintiff is entitled to an order that dismisses these invalid motions with prejudice and with an award of costs, including attorney's fees.**

**Plaintiff will file a proposed order as a separate document.**

**/s/**
**Edward S. Irons**
**D.C. Bar No. 149898**
**Edward S. Irons, P.C.**
**3945 - 52nd Street, N. W.**
**Washington, D. C. 20016**
**(202) 362-5332 - voice**
**(202) 966-1338 - fax**
**Tingent@aol.com - email**
**Attorney for Plaintiff**

# ATTACHMENT A

## COUNT 1
## THE EXHIBITS 3 AND 4 ASSIGNMENTS ARE VOID FOR FRAUDULENT PROCUREMENT

**30. In support of this Count 1, plaintiff specifically alleges as follows:**

**(i) The Exhibit 3 and 4 Assignments were fraudulently procured and are void.**

**(ii) Beginning long before and continuing until and after the time of the December 2002 meeting alleged in paragraph 22 hereof and the execution on March 13, 2003 of the Assignments which are Exhibits 3 and 4 hereof, defendant William knew that his marriage to Carin was unstable.**

**(iii) The instability of the Irons-Brandes marriage was a known, material, existing fact that in equity or good conscience should have been disclosed to plaintiff Irons LLC at or before each of the December 2002 meeting and defendant William's execution of the Exhibits 3 and 4 Assignments on March 13, 2003.**

    (iv) **Defendant William concealed said material fact from The Irons and plaintiff Irons LLC at and after the December 2002 meeting and prior to the execution on March 13, 2003 by Edward S. Irons, Managing Member of the Exhibits 3 and 4 Assignments.**

(v) **Defendant William intended that Irons LLC and Irons LLC did, in fact, act in ignorance of the said concealed material fact.**

(vi) **So misled, Irons LLC did, in fact, make the allocation and execute the Assignments to defendant William of an interest in Irons LLC as alleged, inter alia, in paragraph 23 hereof and as set forth in the Exhibit 3 and 4 Assignments.**

(vii) **Defendant William's concealment of the said material fact has damaged and is now damaging plaintiff Irons LLC.**

**31. Because defendant William knew at the time he participated in the December 2002 meeting alleged in paragraph 22 hereof and at the time he signed the Exhibit 3 and 4 Assignments of an interest in Irons LLC that his marriage to Carin was unstable and that such information would have been material to [Irons LLC's] Managing Member Edward's decision to allocate by**

**paragraph 23 hereof and then assign by Exhibits 3 and 4 the interest in Irons LLC to William as alleged, defendant William was then under a duty in equity and good conscience to disclose that information to <u>Irons LLC's Managing Member Edward at that meeting.</u>**

**32. Defendant William's failure to make such disclosure was fraudulent in that <u>but for such failure to disclose, no allocation and no assignment of any Irons LLC interest whatever would have been made to defendant William</u>.**

**33. Contrary to the original purposes and expectations of the parties as alleged in paragraphs 27-29 and 32 hereof, defendant William (in exploitation of his fraudulent procurement of an interest in plaintiff <u>Irons LLC</u>)[1] during the last quarter of 2005, repeatedly rejected the written requests of Edward, as Managing Member of Irons LLC, and Carin, as a member of Irons LLC, forthwith to assign and transfer either to said Carin, or to Lauren, or both, the unencumbered entirety of his 21.6056% interest in Irons LLC which he fraudulently and dishonestly procured as alleged in paragraph 32 hereof.**

---

**[1] The defendant's Rule 12(b)(6) Motion is yet another act by defendant "in exploitation of his fraudulent procurement of an interest in plaintiff Irons LLC" <u>because</u> the Rule 12(b)(6) Motion violates RPC 4.1 and 8.4**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY that on this 1st day of December, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Doolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.**

**/s/**
**Edward S. Irons**