THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC,

    *Plaintiff*,

v.

WILLIAM FREDERICK BRANDES,

    *Defendant*.

Civil Action No. 06-cv-904 JR

### DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF AMENDMENT TO ARTICLES OF ORGANIZATION OF IRONS LLC

Defendant, William Frederick Brandes, is not sure why plaintiff has filed the purported "Notice of Amendment to Articles of Organization of Irons LLC" ("Notice") with the Court, nor what plaintiff means by the somewhat puzzling statement therein that "[b]ecause the Company is not a party thereto, the Operating Agreement is not 'binding upon' the Company." Nevertheless, defendant files this brief response to advise the Court that the alleged amendment of the Articles of Organization of Irons, LLC is invalid.

The Articles of Organization provide the following regarding amendment:

> **EIGHTH:** In each case where the Code of Virginia, as hereafter amended from time to time, requires a greater than majority vote of the members of membership interests of the Company before a particular action may be taken by the Company, that greater than a majority vote requirement shall be lowered to an affirmative vote of the holders of a majority of membership interests. This provision in the Articles is meant to reduce the greater than a majority voting requirement for (but not limited to) each of the following organizational actions: article amendments, consolidation, merger, substantial sale of assets, liquidation, and dissolution.

First Amended Compl., Ex. 1, p.3.

Plaintiff quotes a provision of the LLC's Operating Agreement purporting to authorize Edward Irons to "make, execute, consent to, swear to, acknowledge, record and file…[a]ny amendment to the articles of organization adopted as provided in this Operating Agreement." Notice at 4. The Operating

Agreement contains a provision identical to the above-quoted provision in the Articles of Organization. First Amended Compl., Ex. 2, p.8.  Thus, the language authorizing Mr. Irons to undertake the ministerial acts of making, executing, consenting to, swearing to, acknowledging, recording and/or filing applies only to amendments of the articles "adopted *as provided in this Operating Agreement*," *i.e.,* by "affirmative vote of the holders of a majority of membership interests."  Mr. Irons cannot simply amend the Articles of Organization by fiat.

Mr. Irons' purpose in attempting to amend the Articles of Organization seems to be to authorize him to conduct this litigation, to the obvious detriment of defendant's interest in the LLC.  *See* "Amendment" attached to plaintiff's Notice.  Defendant makes this response to plaintiff's Notice simply so that the record is clear, and that his silence on the matter not be taken, in this or any future proceeding, as assent to Mr. Irons' defective attempt at amendment.

                    Respectfully submitted,

                    FUREY, DOOLAN & ABELL, LLP


                    By: /s/   Robert E. Grant
                        Robert E. Grant, Bar No. 458157
                        8401 Connecticut Avenue
                        Suite 1100
                        Chevy Chase, Maryland  20815-5803
                        Tel. 301.652.6880
                        Fax 301.652.8972
                        E-mail rgrant@fdalaw.com

                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of December, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Edward S. Irons, Esquire, 3945 52nd Street, N.W., Washington, D.C. 20016, Attorney for Plaintiff.

                                                        /s/ Robert E. Grant
                                                        Robert E. Grant