THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC,

    *Plaintiff*,

v.                                                     Civil Action No. 06-cv-904 JR

WILLIAM FREDERICK BRANDES,

    *Defendant*.

### *MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY*

Defendant William Frederick Brandes opposes plaintiff's Motion to Disqualify because plaintiff fails to identify any conflict of interest that bars undersigned counsel "by RPC 1.7 from simultaneously acting as counsel for defendant in this case and in the divorce case." Pl's Mot. to Disqualify, p.6 ("Motion at ___"). The tactical use of disqualification motions to harass opposing counsel is, obviously, disfavored. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436, 105. S.Ct. 2757, 2764, 86 L.Ed. 2d 340 (1985).

It should be noted at the outset that District of Columbia Rule of Professional Conduct 1.7 governs proceedings in this Court. *See* L.Cv.R. 83.15. Plaintiff cites Model Rule of Professional Conduct 1.7, which is not applicable.[1] District of Columbia Rule of Professional Conduct 1.7 enjoins attorneys against "advanc[ing] two or more adverse positions in the same matter," and prohibits representing a client where doing so would be adverse to another client. R. Prof'l Conduct 1.7(a), (b). The rule contains both absolute and conditional prohibitions. "The absolute prohibition of paragraph (a) applies only to situations in which a lawyer would be called upon to espouse adverse positions for

---

[1] In any event, plaintiff has not identified any impermissible conflict under the Model Rule, either.

{FDADB\00763394\v1\7047\02 11/28/2006 04:34 PM}

different clients in the same matter." R. Prof'l Conduct 1.7, cmt. 4. Thus, even if they were true, plaintiff's allegations regarding undersigned counsel's representation in any divorce case (or proceedings, negotiations, or otherwise) identify no conflict of interest.

Mr. Brandes' position—in this action and in his divorce negotiations—is that he legitimately acquired and presently owns a membership interest in Irons, LLC. Neither Mr. Brandes nor his counsel has espoused inconsistent positions in the separate matters, much less in the proceeding pending before this Court. Plaintiff's contention that the same lawyer should not be permitted to represent defendant in both matters is unfathomable, except as an attempt to deprive defendant of his chosen counsel.

In its Motion to Disqualify, plaintiff notes that it has served interrogatories upon defendant, "the verified answers to which may show where the truth lies." Motion at 7. In those interrogatories, plaintiff asks two questions:

> Specifically identify "defendant's divorce case"--such identification to state:
>
> (i)    The name of the tribunal in which "defendant's divorce case" is pending.
>
> (ii)   The identity of each of the parties to "defendant's divorce case".
>
> (iii)  The identity of each attorney who represents each of the parties to "defendant's divorce case".
>
> (iv)   The date the "divorce case" was filed.
>
> (v)    The status of the "divorce case" before the tribunal in which it is pending.
>
> (vi)   The specific issues raised by the pleadings in the "divorce case".
>
> \*   \*   \*
>
> State in detail each reason why defendant and his wife are in the process of divorcing.

Pl's First Set of Interrogatories, attached hereto and adopted herein by reference as Exhibit A.

In this case, it is not the answers but plaintiff's interrogatories themselves that "show where the truth lies": this civil action, like its predecessor, is but a vexatious attempt by Mr. Irons to interject himself into his daughter's divorce, and to do so in as costly a fashion for the defendant as possible. In the instant motion, Mr. Irons is attempting to use the protections afforded defendant by Rule 1.7 against defendant, to deny him counsel of his own choosing.

Defendant respectfully submits that plaintiff's Motion to Disqualify should be denied, and that the Court should grant him such other and further relief, including an award of his attorney's fees and costs associated with responding to the motion, as the Court deems just and proper.

Respectfully submitted,

FUREY, DOOLAN & ABELL, LLP


By: /s/ Robert E. Grant
Robert E. Grant, Bar No. 458157
8401 Connecticut Avenue
Suite 1100
Chevy Chase, Maryland 20815-5803
Tel. 301.652.6880
Fax 301.652.8972
E-mail rgrant@fdalaw.com

*Attorneys for Defendant*


**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Edward S. Irons, Esquire, 3945 52nd Street, N.W., Washington, D.C. 20016, Attorney for Plaintiff.

/s/ Robert E. Grant
Robert E. Grant