THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONS, LLC, | : |
| *Plaintiff*, | : |
| v. | : Civil Action No. 06-cv-904 JR |
| WILLIAM FREDERICK BRANDES, | : |
| *Defendant*. | : |

### *MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL*

Defendant, William Frederick Brandes, opposes plaintiff's Motion for Recusal because plaintiff fails to identify any statutory or common law basis for its request. Recusal is required by 28 U.S.C. § 455 only when a reasonably objective person would question the district judge's impartiality to proceed. *See, e.g., Lucas v. Paige*, 2006 U.S. Dist. LEXIS 39061 *1 (D.D.C. June 14, 2006). Neither a judge's rulings nor strongly-stated views rooted in the record constitute a valid basis for seeking recusal. *Id.* at *1-*2. And "opinions formed by the judge on the basis of facts or events occurring in the course of the current proceedings…do not constitute a basis for a bias or partiality motion unless they display a deep-seated…antagonism that would make fair judgment impossible." *Id.* at *2, *quoting Meng v. Schwartz*, 97 F.Supp. 2d 56, 59 (D.D.C. 2000). Comments or observations, or even admonishments of counsel or parties, made in the course of routine courtroom proceedings and based upon the record, almost never furnish a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157-58, 127 L.Ed. 2d 474 (1994). Indeed, "it would be extraordinary to disqualify a judge for bias or appearance of partiality when his remarks arguably reflected what he learned, or what he thought he learned, during the proceedings." *Lucas, supra,* at *3, *quoting United States v. Microsoft Corp.*, 346 U.S. App. D.C. 330, 253 F.3d 34, 115 (D.C. Cir. 2001). Where the statutory standard is not met, a judge

ought not recuse himself; unnecessary recusal impairs the functioning of the courts. *See Lucas,* 2006 U.S. Dist. LEXIS at *3; *see also Aguinda v. Texaco, Inc.*, 241 F.3d 194, 201 (2d Cir. 2001), *cited in Cheney v. United States District Court*, 541 U.S. 913, 915, 124 S.Ct. 1391, 1394, 158 L.Ed. 2d 225 (2004). Groundless accusations of bias are tantamount to judge-shopping. *Aguinda*, 241 F.3d at 201.

> Disqualifcation for lack of impartiality must have a *reasonable* basis. Nothing in [proposed 28 U.S.C. § 455] should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice.

*Id*., *quoting* S. Rep. No. 93-419, at 5 (1973); H.R. Rep. No. 93-1453 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6355 (empasis in original).

Judicial propriety does not require that a judge sit sphinx-like and refrain from making any comment upon the nature or merits of a case until all the evidence has been taken and he renders his verdict.

Defendant respectfully submits that plaintiff's Motion for Recusal should be denied, and that the Court should grant him such other and further relief, including an award of his attorney's fees and costs associated with responding to the motion, as the Court deems just and proper.

          Respectfully submitted,

          FUREY, DOOLAN & ABELL, LLP

          By: /s/   Robert E. Grant
              Robert E. Grant, Bar No. 458157
              8401 Connecticut Avenue
              Suite 1100
              Chevy Chase, Maryland  20815-5803
              Tel. 301.652.6880
              Fax 301.652.8972
              E-mail rgrant@fdalaw.com

          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Edward S. Irons, Esquire, 3945 52nd Street, N.W., Washington, D.C. 20016.

                                                  /s/ Robert E. Grant
                                                  Robert E. Grant