UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                                    :
                                              :
                    Plaintiff                 :
                                              :
             v.                               :   Civil Action No.
                                              :   1:06CV00904JR
WILLIAM FREDERICK BRANDES                      :
                                              :
                    Defendant                 :


REPLY IN SUPPORT OF
NOTICE OF AMENDMENT TO
ARTICLES OF ORGANIZATION
OF IRONS LLC


     Plaintiff has filed a Notice (<u>as a matter of right under the
Irons LLC Operating Agreement</u>) of Amendment to the Articles of
Organization of Irons LLC.  Defendant's Response to the Notice
argues that "Mr. Irons cannot simply amend the Articles of
Organization by fiat" <u>because</u>, according to the Response, it was
not "'adopted *as provided in this Operating Agreement', i.e.,* by
'affirmative vote of the holders of a majority of membership
interests'" (Resp. 2; emphasis in original).  Defendant's
objection to the amendment is wrong for two reasons.

     <u>First reason</u>.  Exhibit A is a copy of a memorandum from LLC
member Carin Brandes to Edward Irons, Managing Member Irons LLC,

LLCv.brandes - reply-amendarts

dated November 19, 2005 and signed by Carin Brandes on March 10,

2006.  Paragraph 4 of Exhibit A states:

> 4.  It is my intent that the Managing Member shall,
> without exception, treat the percentage interests of
> Edward S. Irons, Mary L. Irons and Carin L. Brandes as an
> ownership single unit amounting to a 56.7888% controlling
> interest in Irons LLC.

Second reason.  The Operating Agreement (Complaint,

Exhibit 2) states, as quoted at pages 3-4 of the Notice:

SECTION 9
POWER OF ATTORNEY

> A.  Each member does hereby irrevocably constitute and
> appoint the managing member serving in office from time to
> time as such member's true and lawful attorney, in his or
> her name, place and stead, to make, execute, consent to,
> swear to, acknowledge, record and file from time to time any
> and all of the following:
> ***
> (2)  Any amendment to the articles of organization
> adopted as provided in this Operating Agreement.  [p. 9]

On the authority of that Power of Attorney of Section 9 of

the LLC Operating Agreement, Edward S. Irons as Managing Member

properly amended the Articles of Organization as set forth in the

aforesaid Notice of Amendment.

VIOLATION OF RPC 4.1 AND 8.4

The predicate for the challenge to the Notice of Amendment

set forth in the defendant's Response is not honest, and so

violates Rule of Professional Conduct 8.4(c).  Specifically, the

dishonest Response states:

LLCv.brandes - reply-amendarts

Plaintiff quotes a provision of the LLC's Operating Agreement purporting to authorize Edward Irons to "make, execute, consent to, swear to, acknowledge, record and file...[a]ny amendment to the articles of organization adopted as provided in this Operating Agreement." Notice at 4.  The Operating Agreement contains a provision identical to the above-quoted provision to the Articles of Organization.  First Amended Compl., Ex. 2, p. 8.  Thus, the language authorizing Mr. Irons to undertake the ministerial acts of making, executing, consenting to, swearing to, acknowledging, recording and/or filing applies only to amendments of the articles "adopted *as provided in this Operating Agreement,*" *i.e.*, by "affirmative vote of the holders of a majority of membership interests."  Mr. Irons cannot simply amend the Articles of Organization by fiat. [Response 1-2; emphasis in original]

The defendant's Response is dishonest because it omits the context in which the language from the Operating Agreement is quoted by the "Notice at 4".  The text of the whole passage from the quotation "at 4" of the Notice states:

SECTION 9
POWER OF ATTORNEY

A.   Each member does hereby irrevocably constitute and appoint the managing member serving in office from time to time as such member's true and lawful attorney, in his or her name, place and stead, to make, execute, consent to, swear to, acknowledge, record and file from time to time any and all of the following:

***

(2)  Any amendment to the articles of organization adopted as provided in this Operating Agreement.  [p. 9] [Notice 3-4]

Plaintiff is entitled to costs incurred as a result of the defendant's dishonest Response.

LLCv.brandes - reply-amendarts

/s/ _____
Edward S. Irons
D.C. Bar No. 149898
Edward S. Irons, P.C.
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202)  362-5332 - voice
(202)  966-1338 - fax
Tingent@aol.com - email
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Doolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

/s/ _____
Edward S. Irons

LLCv.brandes - reply-amendarts