```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

IRONS, LLC                         :
                                   :
        Plaintiff                  :
                                   :
        v.                         :   Civil Action No.
                                   :   1:06CV00904JR
WILLIAM FREDERICK BRANDES          :
                                   :
        Defendant                  :
```

## POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY

### I.

Plaintiff's Motion exposes a classic conflict of interest—respondent Grant's interest in procuring a divorce decree favorable to defendant and respondent's conflicting interest in this case in procuring a judgment favorable to defendant because the complaint's allegations that the marriage is unstable are _not_ "true".  Respondent's overriding interest is in collecting a fee for representing defendant in both cases.

This conflict of interest is elucidated by plaintiff's Motion:

> The key point here is that Mr. Grant and his firm cannot be heard to tell the divorce tribunal that the marriage is so unstable that it must be terminated, and, at the same time, tell this Court the _opposite_, namely that the complaint's allegation that defendant's "marriage...was unstable" is not "true".   [Mtn 7; emphasis in original]

II.

Respondent says that plaintiff's Motion is incorrectly brought under "Model Rule of Professional Conduct 1.7, which is not applicable" (Opp. 1); that "District of Columbia Rule of Professional Conduct...governs"; and that "plaintiff's allegations...identify no conflict of interest" (Opp. 1-2). Plaintiff has shown herein and elsewhere that the facts are otherwise.

Respondent seems to argue that the D.C. Rule 1.7 does not apply because the divorce and this case are not "the same matter" (Opp. 1). Respondent's argument fails because respondent, Mr. Grant, injected the divorce matter into this case. As the plaintiff's Motion explains:

> The fact is that the plaintiff corporation did <u>not</u> know that there was any "ongoing negotiation in a divorce" at the time the complaint was filed on <u>May 12, 2006</u>. Defendant's counsel Grant <u>personally</u> injected the "divorce" matter into this case by his Opposition to plaintiff's Rule 4(d) Motion, which Opposition he signed and filed on <u>October 10</u>, 2006. Mr. Grant's improper purpose, on behalf of his client, was to procure a <u>de facto</u> "transfer" of this <u>Federal</u> case to some unidentified state or D.C. divorce tribunal which lacks jurisdiction to consider it. [Mtn. 5-6; emphasis in original]

## CONCLUSION

Respondent Grant and his firm must be disqualified.

/s/
Edward S. Irons
D.C. Bar No. 149898
Edward S. Irons, P.C.
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202)  362-5332 - voice
(202)  966-1338 - fax
   Tingent@aol.com - email
   Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Doolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

/s/
Edward S. Irons