```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

IRONS LLC                              :
                                       :
            Plaintiff                  :
                                       :
       v.                              :  Civil Action No.
                                       :  1:06CV00904JR
WILLIAM FREDERICK BRANDES              :
                                       :
            Defendant                  :
```

### PLAINTIFF'S MOTION FOR ORDER TO ENFORCE D.R. 2-110(B)(2)

### BACKGROUND

By letter dated December 14, 2006 (Exhibit 1 hereto), plaintiff requested Robert E. Grant ("Grant"), counsel for defendant Brandes, to withdraw pursuant to the requirements of Disciplinary Rule ("D.R.") 2-110(B)(2). Exhibit 2, also dated December 14, 2006, is Grant's response to Exhibit 1 and states, in part:

> I have your letter dated December 14, 2006. As I think you know by now, I do not agree with your assessment of my ethical obligations in this matter. I must, therefore, respectfully decline your invitation to withdraw. In any event, we will have a ruling on your motion to disqualify soon enough.[1]

---

[1] It would be unfair and improper to defer disposition of this Motion pending a ruling on Plaintiff's Motion to Disqualify. For reasons stated herein, this Motion must be granted regardless of whether the Motion to Disqualify is granted or denied.

Note that Mr. Grant does <u>not dispute</u> any of the involved <u>facts</u>, but <u>only</u> plaintiff's "assessment of [his] ethical obligations" based on those undisputed facts.

The evidence that supports this Motion includes, in addition to Exhibits 1 and 2, relevant pleadings in this case listed below.

| Pleading Title | Date Filed |
|---|---|
| **Defendant's Motion to Dismiss and for Costs Pursuant to Rule 41(d)** | 11/22/06 |
| **Plaintiff's First Set of Interrogatories (via e-mail to Grant)** | 11/24/06 |
| **Plaintiff's Motion to Disqualify** | 11/24/06 |
| **Plaintiff's Points and Authorities in Opposition to "Defendant's Motion to Dismiss and for Costs Pursuant to Rule 41(d)"** | 12/01/06 |
| **Defendant's Response to Plaintiff's Notice of Amendment to Articles of Organization** | 12/02/06 |
| **Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Disqualify** | 12/02/06 |
| **Plaintiff's Reply in Support of Notice of Amendment to Articles of Organization of Irons LLC** | 12/06/06 |
| **Points and Authorities in Support of Plaintiff's Motion to Disqualify** | 12/06/06 |
| **Plaintiff's Notice of Withdrawal of [Proposed] Order (re: Amendment to Articles)** | 12/14/06 |

This Motion seeks an order that:

(1) defendant's counsel Robert E. Grant

    (a) has violated and is violating D.R. 2-110(B)(2),

    (b) is forthwith precluded from any representation whatever of defendant Brandes in this case, and

(2) strikes all pleadings or other papers in this proceeding filed or signed by Robert E. Grant, including but not limited to "Defendant's Motion to Dismiss and for Costs Pursuant to Rule 41(d)".

## LEGAL STANDARD

"Disciplinary Rule 2-110(B)(2) requires that a lawyer representing a client withdraw from employment when she knows or it is obvious that her continued employment will result in a violation of the Disciplinary Rules". In re Shay, 756 A.2d 465, 479 (D.C. 2000).

In addition, the Exhibit 1 letter from plaintiff's counsel to Mr. Grant dated December 14, 2006 sets forth undisputed evidence which shows that Grant has violated and is violating D.R. 2-110(B)(2). Therefore, the relief required by this Motion must be granted as a matter of law.

Mr. Grant's refusal to obey D.R. 2-110(B)(2) on the ground that he does "not agree with [plaintiff's] assessment of [his]

ethical obligations in this matter" requires that the Court decide misconduct issue.  Indeed, Grant's <u>refusal</u> actually violates D.R. 1-102(A)(4) and Rule of Professional Conduct 8.4(c) as well because Grant's refusal is <u>not</u> honest.  <u>See</u> the concurrently-filed "Plaintiff's Motion for Sanctions Under D.R. 1-102(A)(4) and Rules of Professional Conduct 8.4(c) and (d)".

At the outset, Grant admits that his conduct has resulted in a Motion to Disqualify for violation of the conflict of interest rules.  However, it is unfair for proper disposition of this Motion for the Court to rely solely on the conflict of interest issue.

A prompt, reasoned disposition of this Motion is required because the entry of appearance by Grant, as counsel for defendant Brandes, also violates or has resulted in the violation of Rules of Professional Conduct 4.1 and 8.4.  The <u>facts</u> which establish Grant's violations of these rules are set forth, <u>without dispute</u>, in "Plaintiff's Points and Authorities in Opposition to Defendant's Motion to Dismiss" and in Plaintiff's "Reply in Support of Notice of Amendment to Articles of Organization of Irons LLC".

Fairness requires a timely order enforcing D.R. 2-110(B)(2), which order forthwith precludes Grant from any conduct of any

kind in this case and which strikes "Defendant's Motion to Dismiss and for Costs Pursuant to Rule 41(d)".

A proposed Order is attached.

/s/
Edward S. Irons
D.C. Bar No. 149898
Temporary Address:
648 South Reeve Road, Dataw Island
St. Helena Island, SC  29920
(843) 838-5719 or (843) 838-7800
(843) 838-0078 - fax
Permanent Address:
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202)  362-5332 - voice
(202)  966-1338 - fax
Tingent@aol.com - email
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2007, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Doolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

/s/
Edward S. Irons