**FAXED**
8'38 pm

LAW OFFICES OF

# EDWARD S. IRONS

A PROFESSIONAL CORPORATION

3945 - 52ND STREET, N.W.
WASHINGTON, D.C. 20016

TELEPHONE:
(202) 362-5332

TELEFAX:
(202) 966-1338
E-MAIL:
TINGENT@AOL.COM

December 14, 2006

**Via Fax and
Certified Mail,
Return Receipt Requested**

Robert E. Grant, Esquire
Furey, Doolan & Abell, LLP
8401 Connecticut Avenue
Suite 1100
Chevy Chase, Maryland 20815-5803

> Re:  Improper Appearance in
> *Irons LLC v. Brandes,*
> Civil Action 06cv904

Dear Mr. Grant:

On October 10, 2006, you filed a Notice of Entry of Appearance as counsel for defendant William Frederick Brandes in Civil Action 06cv904. You are hereby notified that your appearance as counsel for defendant was and is not ethical.

You are further notified that, separate and apart from your unethical appearance _vel non_, your representation of defendant Brandes was and is a continuing ethical violation.

You are ethically required to withdraw forthwith as counsel for defendant Brandes in said civil action. The applicable District of Columbia law that mandates your withdrawal is set forth in In re Hager, 812 A.2d 904 (D.C. 2002). See also, In re Shay, 756 A.2d 465 (D.C. 2000).

According to <u>Shay</u>, 756 A.2d 465, 479:

   E.   *Respondent Should Have Withdrawn From Her Representation of E.Y.*

   1.   *DR 2-110(B)(2)*.  Disciplinary Rule 2-110(B)(2) requires that a lawyer representing a client withdraw from employment when she knows or it is obvious that her continued employment will result in a violation of the Disciplinary Rules....

<u>Hager</u> admonishes at 923:

Furthermore, "[i]t is the general rule...that where an attorney violates his or her ethical duties to the client, the attorney is not entitled to a fee for his or her services."  *Cal Pak Delivery, Inc. v. United Parcel Service, Inc.*, 52 CalApp.4th 1, 60 Cal.Rptr.2d 207, 215 (1997).  It is not a great extension to say that an attorney is not entitled to retain a fee from an opposing party if that payment was the product of multiple ethics violations.

The record of your conduct in this case clearly shows that your employment by defendant Brandes is now and will continue to result in a violation of the disciplinary rules, including RPC 1.7 and 8.4.  Therefore, D.R. 2-110(B)(2) "requires" that you withdraw and refund to defendant Brandes the entirety of the money that he has paid to you for your fees and expenses in the subject civil action.

<u>Evidence</u>

"Plaintiff's Points and Authorities in Opposition to Defendant's Motion to Dismiss" shows, without any dispute, that the Defendant's Statement of Points and Authorities in Support of His Rule 12(b)(6) Motion "violate at least RPC 4.1 and 8.4" (p. 9, <u>et seq</u>).

Furthermore, plaintiff's "Reply in Support of Notice of Amendment to Articles of Organization of Irons LLC" proves that Defendant's Response to Plaintiff's Notice is not "honest".  The Reply states, in part:

## VIOLATION OF RPC 4.1 AND 8.4

The predicate for the challenge to the Notice of Amendment set forth in the defendant's Response is <u>not honest</u>, and so violates Rule of Professional Conduct 8.4(c). Specifically, the dishonest Response states:

> Plaintiff quotes a provision of the LLC's Operating Agreement purporting to authorize Edward Irons to "make, execute, consent to, swear to, acknowledge, record and file...[a]ny amendment to the articles of organization adopted as provided in this Operating Agreement." Notice at 4. The Operating Agreement contains a provision identical to the above-quoted provision to the Articles of Organization. First Amended Compl., Ex. 2, p. 8. Thus, the language authorizing Mr. Irons to undertake the ministerial acts of making, executing, consenting to, swearing to, acknowledging, recording and/or filing applies only to amendments of the articles "adopted *as provided in this Operating Agreement,*" i.e., by "affirmative vote of the holders of a majority of membership interests." Mr. Irons cannot simply amend the Articles of Organization by fiat. [Response 1-2; emphasis in original]

The defendant's Response is dishonest because it omits the context in which the language from the Operating Agreement is quoted by the "Notice at 4". The text of the whole passage from the quotation "at 4" of the Notice states:

### SECTION 9
### POWER OF ATTORNEY

A. Each member does hereby irrevocably constitute and appoint the managing member serving in office from time to time as such member's true and lawful attorney, in his or her name, place and stead, to make, execute, consent to, swear to, acknowledge, record and file from time to time any and all of the following:

***

Robert E. Grant, Esquire
December 14, 2006
Page 4


      **(2)** Any amendment to the articles of organization adopted as provided in this Operating Agreement. [p. 9] [Notice 3-4]

      Plaintiff is entitled to costs incurred as a result of the defendant's dishonest Response. [Reply 2-3]


### Request for Accounting

    Please provide a verified accounting which shows affirmatively that your fee and expense charges made to Mr. Brandes as to the subject civil action absolutely exclude all fees and expenses which you or your firm has incurred as to the Brandes divorce.


                  Very truly yours,

                  Edward S. Irons

ESI/vgc