UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONS LLC : | |
|         Plaintiff : | |
| : | |
| v. : | Civil Action No. |
| : | 1:06CV00904JR |
| WILLIAM FREDERICK BRANDES : | |
|         Defendant : | |

PLAINTIFF'S MOTION FOR SANCTIONS
UNDER D.R. 1-102(A)(4) AND R.P.C. 8.4(C) AND (D)

MOTION

Because the conduct of defendant's counsel, Robert E. Grant ("Grant"), has been and is dishonest, this Motion seeks sanctions against Grant pursuant to Disciplinary Rule 1-102(A)(4) and Rules of Professional Conduct 8.4(c) and (d).

LEGAL STANDARD

1.  *DR 1-102(A)(4).*  The dishonesty prohibited by DR 1-102(A)(4) includes—but is broader than—"fraudulent, deceitful, or misrepresentative behavior." *In re Shorter*, 570 A.2d 760, 767-68 (D.C. 1990).  It "encompasses conduct evincing a lack of honesty, probity or integrity in principle, a lack of fairness and straighforwardness [sic]." *Id*. at 768 (citation omitted).[1]  In re Shay, 756 A.2d 465, 478 (D.C. 2000).

---

[1]  R.P.C. 8.4(c) and (d) state:

> It is professional misconduct for a lawyer to:
>         ***
>   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
>   (d) engage in conduct that is prejudicial to the administration of justice;

Grant's conduct as defendant's counsel in Civil Action 1:06CV00904JR falls within this definition. Because Grant's misconduct is willful and malicious, appropriate sanctions include more than a mandatory award of costs and attorney's fees to plaintiff. Public interest requires that Grant be suspended from the practice of law in the District of Columbia for a period of time to be determined by the Court.

### GRANT ENGAGED IN ACTS OF DISHONESTY

Grant has <u>never</u> disputed (because he cannot do so) that this case is within the diversity jurisdiction of this Court. To deprive plaintiff LLC of the Federal Court trial to which it is entitled as a matter of law, Grant has and continues to "evinc[e] a lack of honesty, probity[,]...integrity in principle,...fairness and straigh[t]forwardness". <u>In re Shay</u>, <u>supra</u>, 756 A.2d at 478. Specifically, Grant signed ""Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion Under Fed.R.Civ.P. 4(d)". In that Memorandum, Grant states that defendant and his wife, Carin Brandes, "are in the process of divorcing" (Opp. 1) and "[t]he instant civil action...merely attempts to litigate in this forum matters best reserved to defendant's divorce case" (Opp. 5).

Grant repeated the same position——to which the Court then said "Well, that's a fair point" (Tr. 22, l. 1)——at the November 8, 2006 Scheduling Conference:

> MR. GRANT:  My client, through his divorce counsel, and Karen [sic-Carin] Brandes, through her divorce counsel, are in the process of trying to resolve all these issues as a matter of the divorce case.  That negotiation, as I understand it – I haven't been participating, but I've certainly been kept up to date.  That negotiation has been everything that this proceeding has not been.
>
> And my only request would be that if the Court refers this matter to mediation, that it not be referred until after the divorce negotiations are complete, because I believe that those negotiations will really <u>resolve all the issues before the Court</u>.  And if there are any issues outstanding at that point, they really will be between Mr. Irons and his daughter, not between him and my client. [Tr. 21, ll. 12-25]

These representations to the Court (that the parties to the divorce can afford plaintiff the relief sought by this case) violate D.R. 1-102(A)(4) because they "evinc[e] a lack of honesty, probity or integrity".  <u>In re Shay</u>, <u>supra</u>, 756 A.2d at 478.

The ethical flaw in Grant's challenged representations made to avoid Federal diversity jurisdiction is that the <u>issues</u> defined by the LLC <u>complaint in this case</u> simply cannot be mooted in or by the Brandes divorce negotiations.  The reasons why are clearly set forth, without dispute, in "Plaintiff's Motion to Disqualify":

>        (1)  The dispositive "issue[] before this Court" in this case is whether defendant Brandes actually owns the interest he claims in the plaintiff corporation.
>
>        Defendant Brandes simply cannot, in good faith, "negotiat[e]" that ownership "issue" in his divorce case until and unless that ownership issue is first decided in his favor in this case.  Simply put, defendant's mere claim to ownership of an interest in the corporate plaintiff cannot be an asset upon which he can rely to procure a favorable divorce ruling.
>
>        (2)  The fact is that Mr. Grant's argument simply is not the "fair point" that the Court said it was.  Specifically, it is not a "fair point" because the issue of whether defendant owns an interest in the plaintiff corporation (an issue that is defined by the pleadings in this case) can be resolved only by a decision of this Court or by agreement between the corporate plaintiff and defendant Brandes.
>
>        The Court's "fair point" response to Mr. Grant's argument exposes Mr. Grant's representation to be the false statement that it really is.
>
>        The plaintiff LLC did not "jump[] into the middle of ongoing negotiation in a divorce" (Tr. 22, ll. 2-3).  The fact is that the plaintiff corporation did not know that there was any "ongoing negotiation in a divorce" at the time the complaint was filed on May 12, 2006.  Defendant's counsel Grant personally injected the "divorce" matter into this case by his Opposition to plaintiff's Rule 4(d) Motion, which Opposition he signed and filed on October 10, 2006.  Mr. Grant's improper purpose, on behalf of his client, was to procure a de facto "transfer" of this Federal case to some unidentified state or D.C. divorce tribunal which lacks jurisdiction to consider it.  [pp. 4-5; footnote omitted]

Grant's "dishonesty" in violation of R.P.C. 8.4(c) has

seriously interfered with the "administration of justice" in

violation of R.P.C. 8.4(d).  Specifically, it is because of

Grant's "dishonesty" that the Complaint has not been answered to plaintiff's obvious and serious prejudice.

## SANCTIONS

In re Shay, 756 A.2d at 480, admonishes:

> III.  *RECOMMENDED SANCTION*
>
> In considering the appropriate sanction in this matter, we must take into account the nature and circumstances of the violations, the mitigating and aggravating factors, the need to protect the public, the courts and the legal profession, and the moral fitness of the attorney. *In re Ryan*, 670 A.2d 375, 380 (D.C. 1996); *In re Hutchinson*, 534 A.2d 919, 924 (D.C. 1987) (en banc).
>
> (1)   THE NATURE AND CIRCUMSTANCES
>        OF GRANT'S ETHICAL VIOLATION

Grant's "dishonesty" was premeditated and deliberate. Grant's "lack of fairness and straigh[t]forwardness", In re Shay, 756 A.2d at 478, was motivated by an improper and unethical purpose––to deny or, failing that, to delay and obfuscate plaintiff LLC's clear right to a Federal trial.  Grant knew when he made his dishonest representations to the Court that there is no basis in fact or law to justify his statements that the LLC could be subordinated to some undefined divorce negotiation––to which it is not a party.

### (2) NO MITIGATING FACTORS

There are no mitigating factors. It is an aggravating factor that Grant's "dishonesty" was willful and malicious, and the plaintiff LLC has been and is being damaged by it.

A further aggravating factor is Grant's lack of remorse and his failure to acknowledge the nature of his dishonest conduct. Cf., In re Shay, 756 A.2d at 481.

Finally, the Court may consider the fact that two (2) motions—both based on Grant's misconduct—are concurrently awaiting disposition by the Court.

A proposed Order is attached.

/s/
Edward S. Irons
D.C. Bar No. 149898
Temporary Address:
648 South Reeve Road, Dataw Island
St. Helena Island, SC  29920
(843) 838-5719 or (843) 838-7800
(843) 838-0078 - fax
Permanent Address:
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202)  362-5332 - voice
(202)  966-1338 - fax
Tingent@aol.com - email
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 10th day of January, 2007, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Doolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

                              /s/_____
                              Edward S. Irons