UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
IRONS LLC                           :
                                    :
          Plaintiff                 :
                                    :
     v.                             :   Civil Action No.
                                    :   1:06CV00904JR
WILLIAM FREDERICK BRANDES           :
                                    :
          Defendant                 :
```

REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR ORDER TO ENFORCE D.R. 2-110(B)(2)

NO DISPUTED FACTS

The "Memorandum of Points and Authorities in Opposition to Plaintiff's Motion" ("Opposition") tacitly concedes all of the facts set forth in plaintiff's Motion. The Opposition's sole argument is set forth in its footnote 1:[1]

> [1] In any event, the old Disciplinary Rules have been superseded by the adoption of the Rules of Professional Conduct. *See* Preface to the Rules of Professional Conduct and L.Cv.R. 83.15 (conduct of attorneys in this Court governed by the Rules of Professional Conduct).

Per contra, neither the preface to the Rules of Professional Conduct nor L.Civ.R. 83.15 says that Disciplinary Rule

---

[1] Defendant also "adopts his Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Disqualify" as a reason to deny this D.R. 2-110(B)(2) Motion. Plaintiff, in turn, adopts and relies on its "Reply in Support of Motion to Disqualify".

2-110(B)(2), upon which plaintiff's Motion specifically relies, "ha[s] been superseded". L.Civ.R. 83.15(a) simply states that "[v]iolations of the *Rules of Professional Conduct*...shall be grounds for discipline". It does not say that the Disciplinary Rules are "superseded" and may be violated with impunity.

This "superseded" argument is not honest. Mr. Grant, to maintain his improper role as counsel for defendant Brandes, fails to tell the Court that Rule of Professional Conduct 8.4(c) applies to bar the same misconduct as D.R. 2-110(B)(2). Whether D.R. 2-110(B)(2) has been "superseded" is of no help to Mr. Grant, who has also "violated Rule 1.16(a) which requires that a lawyer withdraw from representation if it will result in violation of the Rules of Professional Conduct". <u>In re Hager</u>, 812 A.2d 904, 921 (D.C. 2002)

> *See* <u>In re Hager</u>, 812 A.2d at 916:
>
> We have given a broad interpretation to Rule 8.4(c), as recapitulated recently in *In re Arneja*, 790 A.2d 552, 557 (D.C. 2002). "[Dishonesty] encompasses conduct evincing 'a lack of honesty, probity, or integrity in principle; [a] lack of fairness and straightforwardness....'" *In re Shorter*, 570 A.2d 760, 676-68 (D.C. 1990) (per curiam) (citation omitted); *accord, Slattery, supra*, 767 A.2d at 213. *See In re Carlson*, 745 A.2d 257, 258 (D.C. 2000) (per curiam) (dishonesty may consist of failure to provide information where there is duty to do so); *In re Jones-Terrell*, 712 A.2d 496, 499-500 (D.C. 1998) (violation found despite "lack of evil or corrupt intent"); *In re Redback*, 487 A.2d 235, 239 (D.C. 1985) (per curiam), *vacated but adopted and incorporated in relevant part*, 513 A.2d 226

(D.C. 1986) (en banc) (dishonesty in filing second complaint to replace one dismissed because of negligent inattention). "Dishonesty" is also the most general term in Rule 8.4(c), "encompass[ing] fraudulent, deceitful, or misrepresentative behavior." *In re Wilkins*, 649 A.2d 557, 561 (D.C. 1994) (per curiam), but also applying to conduct not covered by the latter three terms, which describe "degrees or kinds of active deception or positive falsehood." *Shorter*, *supra*, 570 A.2d at 768. Indeed, it has been suggested that sufficiently reckless conduct is enough to sustain a violation of the rule. *Jones-Terrell, supra*, 712 A.2d at 499.

Mr. Grant seems to admit that he <u>is</u> disqualified under D.R. 2-110(B)(2), and, therefore, also admits that he has violated Rule of Professional Conduct 1.16(a).

Mr. Grant must be removed as counsel for defendant.

/s/_____
Edward S. Irons
D.C. Bar No. 149898
Temporary Address:
648 South Reeve Road, Dataw Island
St. Helena Island, SC  29920
(843) 838-5719 or (843) 838-7800
(843) 838-0078 - fax
Permanent Address:
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202)  362-5332 - voice
(202)  966-1338 - fax
Tingent@aol.com - email
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 24th day of January, 2007, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Doolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

                          /s/_____
                          Edward S. Irons