UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
IRONS LLC                       :
         Plaintiff              :
                                :
     v.                         :   Civil Action No.
                                :   1:06CV00904JR
WILLIAM FREDERICK BRANDES       :
         Defendant              :
```

REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR SANCTIONS
UNDER D.R. 1-102(A)(4) AND R.P.C. 8.4(C) AND (D)

The "Memorandum of Points and Authorities in Opposition to Plaintiff's Motion" ("Opposition") does <u>not</u> dispute—but instead tacitly concedes—the <u>fact</u> set forth in the plaintiff's Motion, *i.e.*, the fact that "Grant has <u>never</u> disputed (because he cannot do so) that this case is within the diversity jurisdiction of this Court" (p. 2).

Nor has Grant disputed the key <u>facts</u> stated at Motion, pp. 3-5, namely:

> The ethical flaw in Grant's challenged representations made to avoid Federal diversity jurisdiction is that the <u>issues</u> defined by the LLC <u>complaint in this case</u> simply cannot be mooted in or by the Brandes divorce negotiations....
>                         ***
> Grant's "dishonesty" in violation of R.P.C. 8.4(c) has seriously interfered with the "administration of justice" in violation of R.P.C. 8.4(d).  Specifically, it is because of Grant's "dishonesty" that the Complaint has not been answered to plaintiff's obvious and serious prejudice.

To defeat plaintiff's Motion, the Opposition argues that "plaintiff actually contends...that defendant's interest [in the LLC] was fraudulently procured"——precisely so——and because that "fraud" issue <u>cannot</u> be resolved in "'defendant's divorce case'", Grant's "suggest[ion] that it was a matter 'best reserved to defendant's divorce case'" (Opp. 1-2) is not honest.  Indeed, the dishonesty of Mr. Grant is exacerbated by the fact that, in truth, there is <u>no</u> "'divorce case'", but solely divorce <u>negotiations</u>.  Carin Brandes, on December 26, 2006, stated in response to a direct question from Edward S. Irons that no proceeding to terminate her marriage has ever been filed in any tribunal.

Another dishonest argument in the Opposition is that:

> Because plaintiff's basis for demanding that remedy is the allegation that defendant fraudulently concealed the purported instability of his marriage from Mr. Irons, undersigned counsel suggested that it was a matter 'best reserved to defendant's divorce case.'  Def's Memo. of Points & Authorities in Opp'n to Pl's Mot. Under Fed.R.Civ.P. 4(d), p. 5.
>
> Plaintiff's disagreement with that argument does not render it a dishonest one, nor does undersigned counsel's making it interfere with the administration of justice....
> (Opp. 1-2)

Of course, plaintiff does not merely "disagree" with defendant's "argument". Plaintiff has demonstrated that defendant's conduct is not honest because it represents that <u>the issues in this case can be resolved in the "'divorce case'"</u>.

/s/_____
Edward S. Irons
D.C. Bar No. 149898
Temporary Address:
648 South Reeve Road, Dataw Island
St. Helena Island, SC  29920
(843) 838-5719 or (843) 838-7800
(843) 838-0078 - fax
Permanent Address:
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202)  362-5332 - voice
(202)  966-1338 - fax
Tingent@aol.com - email
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January, 2007, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Robert E. Grant, Furey, Doolan & Abell, LLP, 8401 Connecticut Avenue, Suite 1100, Chevy Chase, Maryland 20815-5803, E-mail address: rgrant@fdalaw.com.

/s/_____
Edward S. Irons