**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IRONS, LLC,                          :
                                     :
      Plaintiff,               :
                                     :
    v.                        : Civil Action No. 06-0904 (JR)
                                     :
WILLIAM FREDERICK BRANDES,           :
                                     :
      Defendant.               :

**<u>MEMORANDUM</u>**

Edward S. Irons is the managing member of plaintiff Irons, LLC, and the father of Carin Brandes. Carin Brandes is the wife of defendant William Brandes. At some point during the marriage of Carin and William, Edward Irons and his wife, Mary Lee Irons, as trustees of revocable trusts, assigned interests in Irons, LLC to their son-in-law. Edward and Mary Irons also gave money to their daughter and son-in-law for the purchase of a second home in Easton, Maryland. Now it seems that Carin and William are divorcing. What brings their divorce to federal court is a suit by Irons, LLC -- represented by Edward Irons -- for fraud. The suit advances a number of claims:

- that William fraudulently procured the assignment of an interest in the LLC, knowing, but not disclosing, that his marriage to Carin was "unstable";

- that William's offer to assign all or part of his interest in the LLC to Carin as part of the divorce settlement violates the LLC's operating agreement;

- that Edward and Mary have an equity interest in the Eastern Shore property purchased with the money they gave to their daughter and son-in-law; and

- that William's lawyer has conspired with his client to alienate William's interest in the LLC, and that he (the lawyer) behaved unethically by representing William both in his divorce proceeding and in this action.

At an initial scheduling conference held in open Court on November 8, 2006, I questioned Edward Irons about his assertion of diversity jurisdiction and asked whether his case was not indeed that of an angry father against a now-disfavored son-in-law. I gave voice to my preliminary view that this case does not belong in federal court and urged the parties to consider mediation, something in which neither side seemed to have much interest. I suggested that the defendant test the adequacy of the complaint with a motion to dismiss.

Defendant did move to dismiss, on November 22, 2006, and he moved pursuant to Rule 41(d) of the Federal Rules of Civil

Procedure for costs, including attorney's fees, because plaintiff had previously dismissed an action in this Court and because the present action is based upon or includes the same claim against the same defendant as the earlier action.

It appears, indeed, upon a review of the docket of Civil Action No. 06-297, on file in this Court, that, on February 21, 2006, the same plaintiff, Irons, LLC, sued the same defendant, William Frederick Brandes, for essentially the same wrongs asserted in this case, including violation of William's asserted duty of disclosure, knowing that his marriage was unstable (Compl. ¶ 20, ¶ 24), and sought much of the same relief that he is seeking in this action.  Irons, LLC, filed a Rule 41(a)(1) dismissal of that case on March 28, 2006, one week after Brandes moved to dismiss, and filed the present case on May 12, 2006.[1]

An award of costs to defendant under Rule 41(d), as the term "costs" is generally understood, would be *de minimis*: there have been no subpoenas, no court reporters fees, no deposition costs, and defendant did not put up the money for the original filing fee.  Some authorities say that the costs available under Rule 41(d) "have generally been held to include attorneys' fees," Moore's Federal Practice § 41.70[6].  <u>Rogers v. Wal Mart Stores,</u>

---

[1]     The present case should perhaps have been assigned to Judge Collyer as a related case, <u>see</u>, LCvR 40.5(a)(3), since Edward Irons is essentially representing himself.

Inc., 230 F.3d 868, 874 (6th Cir. 2000), however, the most recent
appellate decision on the point and easily the best-reasoned and
most persuasive, holds that attorneys fees are not available
under Rule 41(d), for the simple reason that the Rule does not
explicitly provide for them.  See also Esposito v. Piatrowski,
223 F.3d 497, 501 (7th Cir. 2000) (fees included as costs under
Rule 41(d) only where underlying substantive statute that is
basis of first lawsuit also includes fees as costs).  Defendant's
invitation to include an award of attorney's fees will be denied.
If defendant did incur any taxable costs in connection with the
previously dismissed action, see 28 U.S.C. § 1920, he may have 30
days from the date of this order to **submit a bill of costs**.

Turning to the motion to dismiss:

Defendant's response to plaintiff's first claim, of
fraudulent procurement of shares of Irons LLC through failure to
reveal instability in a marriage, asserts that Irons LLC either
lacks standing or is not the real party in interest, because it
was Edward and Mary Lee, as trustees of their revocable trusts,
and not Irons LLC, who transferred the shares to William.  Irons
LLC replies that it has a power of attorney from Edward and Mary
Lee – but that power, [#8] exhibit 5, quoted [#16] at p. 8, was
given, not by Edward as trustee of his revocable trust, or by
Mary Lee as trustee of hers, but by Edward and Mary Lee in their
individual capacities, and it purports to transfer nothing more

- 4 -

than the power to "conduct all business matters of any kind
whatever pertaining to, relating to or involving their. . .
<u>interest in the . . . Easton, Maryland property</u>." (Emphasis
added.)  Thus, even if instability in marriage could ever be a
material fact, and the omission to disclose it could ever
constitute fraud (think of the implications of that proposition
upon the underpinnings of commerce in this nation!), Irons LLC
has no demonstrated interest in Count 1.

Count 2 alleges that William has "alienated" his
interest in Irons LLC to finance his divorce litigation and by
offering it to Carin as part of the divorce settlement, asserting
that such "alienation" violates sections 15A and 15B of the LLC's
operating agreement [#8] exhibit 2, which essentially prohibit
the sale, transfer, or hypothecation of shares in LLC except upon
proper notice and consent.  But Edward Irons does not need any
relief from a court on this claim: the Operating Agreement upon
which he relies provides him the means to employ self help:
section 15B provides that no assignee becomes a member of the
company without his consent, as managing member.  If an attorney
has accepted a pledge of William's shares in the LLC as payment
for his services, he may have a problem translating the pledge
into money, and if Edward wants to deny his own daughter
membership in the LLC, that's his business.  This is a case of

*damnum absque injuria*, and Count 2 fails to state a claim which relief can be granted.

Defendant is correct that Count 3 is "fatally vague." [#12-1] at 6 and that "under the minimal requirements of notice pleading, Rule 8 requires that the complaint give the defendant fair notice of each claim and its basis." <u>Gore v. First Union Nat'l Bank</u>, 2002 U.S. Dist. LEXIS 14396 *11 (D.D.C. July 28, 2002). The complaint does not quite say what agreement or business relationship Count 3 refers to, except possibly an (oral?) agreement that William would negotiate for the purchase by Irons LLC of a parcel of land contiguous to the house that he and Carin purchased with Carin's parents' money – an undertaking that, as Irons LLC acknowledges, Williams in fact carried out successfully. Presumably the claim of "destroying or injuring the rights of plaintiff . . . to [plaintiff's] agreements, purposes and expectations," [#8] para. 43, means that Edward and Mary no longer have the "love and affection" for William that was the only consideration for their assignment of Irons LLC shares to him, [#8] exhibits 4, 5, and that living on the contiguous land would not be pleasurable for them, but the law provides no compensation for such injuries.

Count 4 alleges professional misconduct by William's lawyer, who is not a party to this litigation, and attempts somehow to charge William (who is not identified in the record as

a lawyer) with concerted conduct prejudicial to the administration of justice.  Count 5 seeks the disqualification of William's lawyer on ground that the lawyer has a conflict of interest in representing him both in this action and in his divorce.  Neither claim has any legal merit, as plaintiff's counsel (Carin's father) certainly should know.  Defense counsel may wish to consider filing a motion for consideration of Counts 4 and 5 under Rule 11(c)(1)(A) – unless he feels, as I do, that his higher duty is to seek peace in the Irons family.


                                        JAMES ROBERTSON
                                United States District Judge